FRANCIS J. McNAMARA,

*v.*

MINNESOTA CENTRAL RAILWAY COMPANY.

Plaintiff is the owner of land in Steele County, over which the defendant's road was laid. Commissioners appointed under the statute to assess the damages occasioned by the location of the road, made their award, from which an appeal was taken to the District Court of said county, and in that Court the verdict rendered by the jury in the case was set aside, and a new trial ordered. For the purpose of reviewing the order granting a new trial, the appellant attempted to remove the cause to this Court by appeal. When said order was made,—February 9th, 1867—it was not appealable, but the legislature by an act approved March 1, 1867, authorized an appeal from an order granting a new trial. *Held:* That said act of March 1st, allowed an appeal from orders made prior to its passage. That the act under which the plaintiff's damages were assessed, (*Chap.* 2 *Special Laws*, 1864,) does not allow an appeal from the District Court to this Court. That *Chapter* 86 *of the General Statutes* does not allow an appeal in special proceedings except from a final order affecting a substantial right; that an order granting a new trial is not a final order affecting a substantial right. That *Chapter* 86 only allows appeals from judgments or orders *in a civil action*, made or rendered by a district court, except as expressly provided in *Subdv.* 6, *Sec.* 8. That the appeal from the assessment of damages was taken to the *District Court*, and the power of such Court to grant a new trial, is not, like the right to appeal under our law, conferred by statute; such power is inherent in courts of general jurisdiction, not given, but regulated by statute.

The plaintiff in this action attempts to appeal from an order of the District Court of Steele County, granting a new trial. The case is fully stated in the opinion of the Court.

GORMAN & DAVIS for Appellant.

Cole & Case for Respondent.

*By the Court*—Wilson, Ch. J.   The appellant is the owner
of lands in Steele County, over which the defendant's road
was laid.   Commissioners appointed under the statute to
assess the damages occasioned by the location of the road,
made their award, from which an appeal was taken to the
District Court of said County, and in that Court the verdict
rendered by the jury in the case was set aside, and a new
trial ordered.

The appellant has attempted to remove the case to this
Court by an appeal from the order granting a new trial.

When this order was made—Feb. 9, 1867,—it was not ap-
pealable, but the legislature by an act approved March 1, 1867,
authorized an appeal from an order granting a new trial.

The respondent's counsel argues that the act of March 1st,
1867, not being in terms retrospective, does not allow an ap-
peal from an order made prior to its passage, but the con-
trary is settled by the case of *Convers vs. Barrows, 2 Minn.*,
240.

It is also argued by the respondent, that an appeal to this
Court is not by our law allowed in special proceedings of this
kind.   It is admitted that an appeal is not allowed by the
special law authorizing proceedings for the assessment of
damages in such cases.   The decision of this question, there-
fore, makes necessary a construction of our general statutes
allowing appeals to this Court.   *Chapter* 86 contains the law
on this subject, and *sections* 1 *and* 8 *of the Chapter* enumer-
ate all the cases in which appeals are by it allowed.   The
other sections of the chapter designate the mode of taking an
appeal, its effect, &c.   In interpreting sections one and eight,
we must hold, either that they refer to different cases, or
classes of cases, or that section eight is an enumeration of

the judgments and orders declared appealable by section one.

If the former theory is adopted, then section one would seem to authorize an appeal from any order made in a civil action, and section eight from any order falling within the classes therein enumerated, made in any action or proceeding by a court, judge, or other officer authorized to make such order. We think this is not an admissible interpretation of the statute. If section one was intended to cover all judgments and orders in a civil action, then nearly all of the provisions of section eight are inoperative and superfluous. A theory that leads to such consequences is to be avoided, if possible, for it is a well settled rule that a statute ought, upon the whole, to be so construed, that if it can be prevented, no clause, section, or word shall be superfluous, void or insignificant. *Bac. Ab. Stat. I,* 2.

This view would also be contrary to the settled practice and holding of the courts ever since the adoption of the Revised Statutes of the Territory, for it has never been held that the former section allowed an appeal, except in cases enumerated in the latter; and the legislature in adopting these sections, and incorporating them into the general statutes, can not be presumed to have used the words in a different sense from that given to them before the revision. *Sedgwick on Stat. Law,* 428–9; *Rutland vs. Meridan,* 1 *Pick.* 154; *Case of J. V. N. Yates,* 4 *J. R.* 359; *Cresswell vs. Crane,* 7 *Barb.* 198.

In the last cited case the court says, "The intention of the legislature to alter the law must be evident, or the language of the new act must be such as palpably to require a different construction, before the courts will hold the law changed upon such a revision, merely from the fact of the change of the language employed." Moreover, to grant an appeal from every order in an action, would be so manifestly absurd, so

inconvenient in the administration of justice, and so prejudicial to justice, we cannot presume it to have been intended by the legislature, unless the language used clearly leads to such conclusion. *Sec.* 3 of said chapter provides. " An appeal shall be made by the service of a notice in writing on the adverse party, and on the clerk with whom the judgment or order appealed from is entered." This is the prescribed mode of taking an appeal in every case under the chapter, and as no order unless made by the *court* is *entered* with the clerk, this section clearly indicates that none else was intended to be appealable.

But farther : to permit an appeal to this court from an *ex parte* order made by a judge, or an order made by a court commissioner would be perverting our judiciary system. This is an appellate court (except in certain specified cases :) it is not the intention of our organic, or statutory law, that a case should be presented to the Supreme Court except for revision ; but if appeals are allowed from *ex parte* orders, made by officers without hearing, or without a deliberate decision of the point involved, or from any order that has not been presented to the court below for deliberate decision, then the intention of our law is thwarted. It is well understood, as a matter of practice, that an officer granting an *ex parte* order, does not ordinarily, in the first instance, deliberately pass upon and determine the point involved. If it is considered that the order was improvidently granted, a motion is made to the court to vacate, and on that motion both parties are heard, and a deliberate judgment of the court obtained, from which an appeal lies ; until such hearing and decision, there is no ground for an appeal, for no question has been decided ; to sooner present the question to this court, is not to ask it to affirm or reverse the judgment or order of an inferior court, but to pass upon a question not decided in that court. Such

practice, as we have said, is contrary to the spirit of our law. It is too, an injustice to inferior courts, indicating error when there has been no deliberate judgment or decision of the question, a wrong to suitors, and to the community, for it delays and makes expensive the administration of justice.

It is held that a revised code of laws is to be construed as contemporaneous acts, parts of one entire system of law. 1 *D. Chipman*, 348. We may, therefore, look at other parts of our general statutes for light on the provisions of this chapter. If the legislature intended by the general language of chapter 86, to allow appeals in special proceedings, as well as in civil actions, then of course it would not elsewhere have provided for appeals in such proceedings. But *Sec.* 13 *p.* 555 *of the general statutes* reads : " An appeal lies to the Supreme court from the district court in mandamus as in civil actions." This provision is inserted *ex industria*, and clearly indicates the view of the legislature that by the general law such appeal was not authorized. *Sec.* 180, *page* 475, *ib.*, provides : " Any party to a proceeding under this title (garnishment) deeming himself aggrieved by any order or final judgment therein, may remove the same from a justice's court to the district court, or from a district court to the Supreme Court, by appeal, in the same cases, and in like manner, and with like effect as in a civil action." This, with equal clearness, shows the view of the legislature that our appeal law does not reach special proceedings, unless where they are expressly mentioned. *Sec.* 22 *page* 571, *ib.*, (actions against boats and vessels) provides for an " appeal from the judgment as in other cases." *Sec.* 82 *p.* 114 provides that in certain proceedings against a county, " An appeal from a judgment of the district court may be taken to the Supreme court as in civil actions." But farther, it will be observed that *Sec.* 1 of *chap.* 86 as before stated, only authorizes appeals from a judgment

or order, in a civil action, in a district court. It will also be observed that *Sec.* 8 only authorizes an appeal from a *judgment in an action* commenced in the district court, or brought there from another court, from any judgment rendered in such court.

A judgment in a special proceeding, is clearly not included in the *judgments* made appealable by this chapter, and we cannot presume that the legislature in this general law intended to allow an appeal generally from orders, but not from judgments in special proceedings. If there is any repugnance between the sections of this chapter, they ought to be so construed, if possible, that both may stand and harmonize with each other; but we think when construed by the light of each other, and of the other provisions of the statutes in *pari materia*, there is no repugnance. It is not unfrequent that the general words in one clause of a statute, are restrained by particular words in a subsequent clause. The first section of this chapter is a general declaration of the purpose of the chapter, to provide for appeals in civil actions in the district courts, and it is a key to the meaning of every subsequent section or clause.

The eighth section limits the general language of the first, and specifies the particular judgments and orders made appealable ; it is to be read with the first, or in view of its language, and considered rather as a specification under it. The only exception to this is in the sixth subdivision of the eighth section, which in express terms applies to a final order affecting a substantial right in a special proceeding. This construction reconciles the several clauses of the statute, and avoids the absurd consequences following any other.

We conclude from a view of the whole chapter, and other provisions of the general statutes tending to elucidate its meaning, that it allows appeals only from judgments or or-

ders in a civil action made or rendered by a district court, except as expressly provided in *sub. six, sec.* 8. The order granting a new trial is not a final order affecting a substantial right. Orders falling within that class are such as finally dispose of the proceeding, or some question involved in it. The granting of a new trial has not this effect, but only retains the case in court for a re-hearing. The appeal attempted in this case is therefore unauthorized. The appellant did not strenuously insist that his appeal was well taken, but he argued that this being a special proceeding, the court below had no power to grant a new trial—such power not being specifically conferred. We think this view cannot be susstained.

The appeal from the assessment of damages by the commissioners was taken to the *District Court*, not to the Judge of the District Court, or to any inferior tribunal. The power of such court to grant a new trial is not, like the right to appeal under our law, conferred by statute; it is inherent in courts of general jurisdiction, not given, but regulated by statute. *Matter of Canal and Walker Streets*, 2 *Ker.* 410; *Sellens' Prac., New Trial; Tidd's Prac., New Trial;* 1 *Graham and Wat. on New Trials, Introduction.*

As the attempted appeal did not bring the case before us, we do not feel called on, or at liberty, to discuss or pass upon other questions argued in the case.

Appeal dismissed.