In THE MATTER OF JAMES KILLORAN, JR., RESPONDENT, *v.* JOSEPH BARTON, APPELLANT.

*Complaint of an apprentice against his master — the decision of the magistrate is not reviewable on appeal — Code of Criminal Procedure, secs. 931, 932.*

Where an apprentice or servant makes a complaint to a magistrate under section 931 of the Code of Criminal Procedure, accusing his master of cruelty or any other violation of duty, the decision of the magistrate thereon is not reviewable on appeal.

APPEAL from an order of the Court of Sessions of Onondaga county, dismissing an appeal from the decision of F. A. Marsh, a justice of the peace in the city of Syracuse, in a proceeding instituted by Killoran, an apprentice, against Barton, the master, under section 931 of the Code of Criminal Procedure. The Court of Sessions dismissed the appeal upon the return of an order to show cause and Barton appeals from such order to this court.

*T. K. Fuller*, for the appellant.

*Thomas Hogan*, for the respondent.

HARDIN, J.:

Title 9 of the Code of Criminal Procedure is entitled "Of Proceedings respecting Masters, Apprentices and Servants."

Two classes of proceedings are provided for by that title; one to be taken by the master, the other by apprentices and servants.

The latter proceedings are authorized in section 931 and subsequent sections. If the master be guilty of cruelty, misusage, etc.,

the section (931) declares, the apprentice or servant " may make complaint on oath to any of the magistrates mentioned in the section (927)." The magistrates there named are a justice of the peace, or police justice in the county, or the mayor, recorder or city judge of the city where he resides. (See also secs. 146 and 147, Code of Criminal Procedure.)

By section 931, it is provided the magistrate " must *summon* the defendant before him at a specified time and place."

By section 932 the magistrate must immediately * * * proceed to hear the *allegations* and proofs of the parties, and if the *complaint* be well founded must, by a *certificate* under his hands with his name of office, discharge the apprentice or servant from the service of his master; or, if not, he must, by a similar certificate, dismiss the complaint.

It is observable that there is no provision made for a warrant of arrest, as in cases of crime, as in sections 150 and 151, in cases where the " crime complained of has been committed," etc. Nor is there any provision for a *conviction*, or for a judgment as such, in terms, in sections 931 and 932. Nor is there any provision for an arrest " to answer for a crime," as defined by section 167, upon taking a person into custody under a warrant. (Sec. 168, *et seq.*) In section 934 another case is provided for than those named and included in sections 931 and 932, and in section 935 it is provided " the magistrate must take a written undertaking from the master, for his appearance at the next Court of Sessions of the county." Thus we see that in the case when the legislature intended a review in the Court of Sessions, a special provision for it was prescribed.

Such special provision suggests, forcibly, the idea that there was no intent to provide for a review by a Court of Sessions of the other cases enumerated in sections 931 and 932.

Another indication that the legislature did not intend to provide for an appeal in cases arising under sections 931 and 932 is found in the language of section 749, where the right of appeal is given in words that do not include cases where only a certificate is to be made by a magistrate. Section 749 is, viz.: "*A* judgment upon *conviction*, rendered by a Court of Special Sessions, may be reviewed by the Court of Sessions of the county, upon an appeal, as prescribed by this title and not *otherwise*." Section 515 provides, viz.: " Writs

of error and of *certiorari*, in *criminal actions*, as they have heretofore existed, are abolished; *and hereafter* the only mode of reviewing a *judgment* or *order*, in a criminal action, is by appeal."

If we are right in our conclusion that sections 931 and 932 provide for special proceedings, and that cases brought within them are "special proceedings," then, as section 515 applies only to criminal actions, no right of appeal is given by it in the cases under sections 931 and 932. We find further evidence that the proceedings under sections 931 and 932 are to be classified as special proceedings, if we apply the definition given in section 950. That declares that "the party prosecuting a special proceeding of a criminal nature, is designated in this Code as the complainant and the adverse party as the defendant." In sections 931 and 932, we find that the "complaint" is to be made by the apprentice or servant, and that the person complained of is called the defendant. (Sec. 931; see, also, §§ 3333 to 3337 of the Code of Civil Procedure.)

The omission of determinations made in special proceedings, of proceedings before magistrates as such, not acting or required to act as courts in respect to such special proceedings, from the provisions of section 749, leaves such determinations unreviewable by appeal, as no other statute in terms gives the right of appeal to the Court of Sessions. (See 77 Ill., 531; 12 Minn., 388; 26 N. J., 425; Hilliard on New Trials, chap. 21, § 1, etc.)

The Court of Sessions was right in holding that "said proceedings were not appealable," and in dismissing "the said appeal."

SMITH, P. J., and HAIGHT, J., concurred.

The order of the Court of Sesssions of Onondaga county should be affirmed.

So ordered.