O’Gorman, J.
At the trial of this action the plaintiff was defeated, and the jury found a verdict for defendants on their counterclaim of $816.52. The plaintiff duly appealed to the general term from the judgment entered in favor of the defendants.
The plaintiff has used due diligence to procure a copy of the minutes taken by the official stenographer at the trial. The stenographer has died without copying his short-hand minutes into ordinary handwriting, and it is found to be impossible to make such copy from his minutes. The plaintiff being unable to make a case on appeal, as required by the Code, § 997, he applies for a new trial to this court at special term.
I am not aware of any provision in the Code warranting the granting of the relief asked for under the circumstances of this case. But, assuming that there is some inherent power in the court to protect litigants from manifest injustice the question arises, on which of two litigants, each having rights, and each being innocent, the consequences of this untoward event should fall.
First, as to the defendants, they have secured a judgment, and it continues in full force and effect until set aside on appeal. No further step was required of the defendants. Their legal rights were ascertained, adjudicated and beyond the reach of impeachment or question unless by means of a decision of the appellate court, setting aside this judgment. In order to cause it to be set aside the plaintiff was bound. to take certain steps essential to bringing the case before the appellate court. It has become impossible for him to take these steps, not because of any act for which either the defendants or the court is responsible.
This is not a case where, by reason of the delay or demise or change of office of a judge of the court, the *352 case on appeal has not been signed or sealed as in the cases cited on this motion.
I cannot inquire into the merits of this action, but must assume that the judgment was rightful. As far as appears on this motion no error has been committed at the trial, no injustice has been done in the verdict, and the judgment is right. To set aside that judgment or even to impugn its force and effect without sufficient cause would be an injustice to the defendants. It would be to take from them, without due process of law, a valuable vested interest and property which they have lawfully acquired and possess. I know of no authority exactly in point, and must apply to this case the principle of law which I believe to be controlling.
Where parties have equal rights the law will not interfere against the party in possession. In aequali jure melior est conditio possidentis.
The motion for a new trial is denied, without costs.
Harriman & Fessenden, attorneys, and of counsel for appellant, among other things, argued :—
I. Under the Code of Civil Procedure and the rules of the court governing appeals, there is devolved upon the court the duty of supplying a copy of the testimony to a person entitled thereto, and litigants have a right to assume that the machinery of a court will do its work. The stenographer is an officer of the court. Code Civ. Pro., § 82. The original stenographic notes taken by the official stenographer are part of the proceedings in the cause. Code Civ. Pro., § 84. If the stenographer dies they must be delivered “ to his successor in office, to be held by him with like effect as if they had been taken by him;” and they must be written out at Length, if the stenographer is required to do so by a person entitled to the same. Ib. These provisions of the code are intended to be relied upon, and a litigant relying upon them properly assumes that when the trial is over the notes will be in possession of *353 the court officer; that that officer will be competent to furnish him with the testimony written out, and the .event of the stenographer’s death is provided for by section 84. Therefore, there is no duty upon any one to have an additional stenographer present, for the sections of the Code cited amount to an undertaking by the court, that its records will be kept and its officers shall be competent to do with them what the law says they shall do, viz., transcribe the notes and furnish the testimony for making up the case. So, therefore, appellant urges that the court has failed to fulfil its obligation, failed to do the work which appellant had a legal right to demand to have done, and appellant is not in any respect at fault. The employment of a stenographer by appellant would have been superfluous because his notes could not have been used, without a stipulation from opposing counsel that they should be deemed conclusive, and such notes could not have been taken as the basis of making up the case. The law gives the plaintiff-appellant an appeal and regulates the details of it. To protect this right the law directs each court to appoint a competent stenographer to take the notes of the testimony and furnish the same, and directs that he or his successor shall do so. The law is not complied with if this is not done, and an assurance upon which the litigant properly relied is unfulfilled, because the deceased official stenographer was incompetent to take notes which his successor can decipher; or the successor is incompetent to transcribe the records left by his predecessor. Incompetence somewhere is the direct cause of the misfortune, and the embarrassment consequent upon it must be charged directly to the exercise of the power of appointment. It is not intended to reflect upon the competence of either stenographer to take and transcribe his own notes, but something more than that was required of the court’s appointees.
II. The court has authority to grant a new trial of this case on the grounds shown, notwithstanding that *354 no special provision is made by the Code for new trial in such a cáse. The power is inherent. It has been done several times in precisely analogous cases, where parties had lost the benefit of exceptions after verdict and judgment. New trials have been granted for that reason in Borrowscale v. Bostworth, 98 Mass. 34; Nind v. Arthur, 7 Dowling & Lowndes Pr. Cas. 252; Bennett v. Steamship Co., 16 C. B. 28; Newton v. Boodle, 16 C. B. 795; McNamara v. Minn. R. R. Co., 12 Minn. 394; Waters v. Waters, 26 Maryland, 53; Cutler v. Rice, 14 Mass. 494.
III. The principle “ in aequali jure, melior est conditio possidentis ” is not controlling in this case. The maxim has its chief application in the cases of disputed title to real estate, or cases of actual tangible possession of the object in controversy. Broom's Legal Maxims (Phila. ed. 6th), 715. It is a principle applied in determining relative rights as matter of law, but it never governs courts in determining matters of practice. It is seen that the principle should not be applied in a case like this, for an illustration of the result of so applying it will show what it could accomplish if followed to its legitimate end. For example, let it be supposed that in the case at bar the verdict had been for a million dollars, or the title to Central Park, in the city of New York, and the stenographer’s notes had been obliterated or destroyed. Following the application of the principle to its logical end, would result in making the verdict of a jury upon a question of great magnitude final. It would deprive the appellant of a review of the exceptions and an appeal, and would make that verdict the final determination. This cannot possibly be the law, and the principle is as little controlling in the case of comparatively slight importance.
E. T. Lovatt, attorney and of counsel for respondents, submitted no points.
*355 By the Court.—Ingraham, J.
The appellant based his application in the court below upon the fact, that in consequence of the death of the official stenographer he had been unable to obtain a copy of the minutes of the trial and that he had forgotten the testimony of the witnesses, and was therefore unable to make up the case on appeal, and therefore asked that the verdict be set aside and a new trial granted.
It is within a comparatively short time that stenographers have been used for the purpose of taking notes of the evidence given on trials of actions, and before their use was adopted, counsel for the parties were compelled to prepare the case and bill of exceptions from their notes or recollection of the testimony of the witnesses and the proceedings on the trial, and it is very certain that no court would have entertained an application for a new trial on the ground, that in consequence of the failure of counsel to remember the testimony they were unable to properly prepare the case or bill of exceptions.
No authority is cited to us to. show that a new trial was ever granted for such a reason. It was not necessary to insert in the case on appeal all the testimony. The questions of fact must be assumed to have been disposed of by the verdict of the jury, and the only question of law that counsel on the argument could state was involved in the case, viz., that the machinery, to recover the purchase price of which the action was brought, was accepted and used by the defendant without objection for upwards of one month, can be presented to the court on appeal without the insertion in the case of all the testimony.
It was the duty of the appellant to make the case, inserting so much of the evidence as he considered material to present the questions involved on the appeal. If the case as proposed by him did not fairly present the testimony, the respondent could then propose amendments and it was then the duty of the trial *356 judge to settle the case. That this could have been done so as to preserve all the substantial rights of the appellant is clear, and this is especially true as, so far as appears, there was no exception taken at the trial either to the admission or rejection of evidence or to the instructions given to the jury.
This case is very different from the cases cited by the appellant where in consequence of the death or disability of the trial judge, the bill of exceptions could not be settled or sealed, and thus the defeated party lost the right to present the case to the appellate court.
In this case no such result follows from the failure of the appellant to obtain the testimony. The appellant’s right to appeal from the judgment still exists, and the only result of the inability to obtain a transcript of the notes of the stenographer was, to give the parties a little more trouble in preparing the case on appeal.
To set aside a verdict on such ground would be an act of great injustice to the respondents.
The order appealed from should therefore be affirmed with ten dollars costs and disbursements.
Sedgwick, Ch. J., and Freedman, J., concurred.