### In the matter of J. W. Howes, Insolvent.

### May 14, 1888.

38  403
46  139
46  335
38  403
55  512

Insolvency—Preferences—Conflict of Laws.—In proceedings under section 2 of the "insolvent act," upon petition of creditors for the appointment of a receiver of the estate of a non-resident insolvent, doing business and owning property in this state, upon the ground that he had made a conveyance of his personal property situated in this state, whereby one of his creditors had obtained a preference over the others, the preferential character of the conveyance, and whether it constituted an act of insolvency, must be determined by the laws of this state, where the proceedings are instituted and the property situated, and not by the laws of the domicile of the debtor, where the conveyance was executed.

Same—Procedure—Right to Jury Trial.—In such proceedings the insolvent debtor is not entitled, under section 4, art. 1, of the constitution of the state, to a trial by jury, such right not having existed at the time of the adoption of the constitution, and the proceedings not being a "case at law," within the meaning of the section referred to.

In proceedings in the district court for Polk county, brought against J. W. Howes by Willys G. Peck and others of his creditors, an order was made by *Mills, J.,* adjudging Howes to be insolvent, and appointing a receiver of his property, from which order he appeals.

*Holland & McClenahan,* for appellant.

*White, Shannon & Reynolds,* for respondents.

MITCHELL, J. Appeal from an order appointing a receiver of the property of appellant, an insolvent, pursuant to section 2 of the "insolvent act," (Laws 1881, *c.* 148.)

1. The evidence fully justified the finding of the court that the appellant (a "trader") was, at the time of the alleged preferential conveyance, insolvent, within the meaning of the statute. *Daniels* v. *Palmer*, 35 Minn. 347, (29 N. W. Rep. 162.) It also justified the finding that, by this sale or conveyance, one of his creditors obtained a preference over the other creditors. The transfer by an insolvent, embarrassed as appellant was, of so large an amount of property to pay one creditor in full, could not well be otherwise than preferential in its nature. See *In re Hapgood*, 2 Lowell, 200; *Toof* v. *Martin*, 13 Wall. 40.

2. Appellant was a resident of the territory of Dakota, but owned property, and was engaged in carrying on business, at several places in this state. The property transferred was personal property, principally lumber, situated in this state. The contract of transfer was executed in Dakota, the domicile of the appellant. In that territory, the court finds, there was no such statute as our insolvent act, and no law prohibiting an insolvent from giving a preference to one creditor over others. Upon these facts appellant bases his principal contention, to wit, that this transfer, being made in Dakota, by a citizen of that territory, and being valid there, is valid everywhere, and therefore the court erred—to use his own language—"in giving effect to the Minnesota insolvent law, and declaring the transfer preferential thereunder." Counsel on both sides have argued the case as if this were a suit by the receiver, brought under section 4 of the insolvent act, to recover the property transferred to the preferred creditor, and consequently have gone extensively into the question of the conflict of laws, and whether, in determining the validity of such a transfer, as against insolvency proceedings, the law of Dakota or that of Minnesota would govern. We do not find it necessary for the purposes of this appeal to follow counsel to any great length into this field of discussion. This being an appeal from an order appointing a receiver, the question is merely whether the court was justified in making such an order. It would seem that this can admit of but one answer. If appellant's position be correct, then bankruptcy proceedings could never be instituted against a non-resident insolvent owning property and carrying on business in this state, no matter how-

many acts of insolvency he might commit with reference to his property in this state, provided only he committed the acts in a jurisdiction where no bankrupt act was in force. Bankruptcy is a species of state execution against the estate of the bankrupt, to sequester it for the benefit of his creditors, and hence there may be as many bankruptcies as there are states or countries in which the party does business or owns property. The proceedings are directed, not specially against the property collusively or fraudulently transferred, but against all the bankrupt's estate within the jurisdiction. The character of the act —that is, whether or not it be an act of insolvency—must be determined by the law of the jurisdiction where the proceedings are instituted and the property situated. Any act of omission or commission with reference to property situated in such jurisdiction, which, under its laws, constitutes an act of insolvency, will authorize the institution of insolvency proceedings, whether the bankrupt be a resident or non-resident, or whether the act be done in or out of such jurisdiction. Suppose a resident of another state should there make a transfer of property situated in this state, under circumstances which would under our laws be a ground for issuing an attachment against his property, would it be claimed for a moment that no attachment could be issued here, because such a transfer would be no ground for issuing one in the state where the contract of transfer was executed? Yet the present case and the case supposed are analogous as respects the question now being considered.

3. The appellant assails the constitutionality of our insolvent act on various grounds. Most of these have been gone over so often that we do not deem it necessary to refer to any of them except one, to wit, that it deprives a party of the right of trial by jury of the issues involved in proceedings upon the petition of creditors for the appointment of a receiver. It is enough to say that such proceedings are not within the provisions of section 4, art. 1, of the constitution of the state, relative to trial by jury. The right of trial by jury in any such proceedings did not exist at the time of the adoption of the constitution. Neither are such proceedings a "case at law," within the meaning of the section referred to. *Whallon* v. *Bancroft,* 4 Minn. 70, (109;) *State* v. *Sherwood,* 15 Minn. 172, (221;) *Ames* v. *Lake Superior &*

*Miss. R. Co.,* 21 Minn. 241; *Commissioners of Mille Lacs County* v. *Morrison,* 22 Minn. 178; *Bruggerman* v. *True,* 25 Minn. 123; *State* v. *City of Lake City,* Id. 404; *City of Mankato* v. *Arnold,* 36 Minn. 62, (30 N. W. Rep. 305.)

4. The appellant's third assignment of error is unavailing, for the reason that the question objected to had been answered before the objection was made or sustained, and the answer was not stricken out.

Order affirmed.