41
f84

3
356

W. W. P. McConnell and another *vs.* O. K. Rakness, Defendant, and John M. Dickson, Garnishee.

June 4, 1889.

Appeal—Order Discharging Garnishee.—An order made by the district court, which simply discharges a garnishee after examination, is an appealable order.

Assignment for Creditors held Insufficient under Insolvent Act, and Fraudulent.—In a deed of assignment made by the defendant he directed—*First*, the payment of the costs and expenses of executing the trust; *second*, the payment and discharge of the debts of all creditors who should file releases of their claims against him, and of those who should "otherwise be or become entitled to payment of their claims;" and if, after the payment of all costs and charges, and a payment in full of all his debts and liabilities, there should be a surplus, then, *third*, it should be repaid to the assignor, defendant. The deed did not recite the existence of facts which would authorize an assignment under the insolvency act, (Laws 1881, c. 148, § 1,) nor did such facts exist. *Held*, that the assignment was fraudulent and invalid, as against such of the defendant's creditors as elected to ignore it.

Appeal by plaintiffs from an order of the district court for Murray county, *Perkins*, J., presiding, discharging Dickson, the garnishee, after a disclosure which showed that he claimed certain property, formerly belonging to the defendant, Rakness, under the assignment from him which is mentioned in the opinion.

*Lorin Cray* and *J. L. Washburn*, for appellants.

*Wilson Borst*, for respondents.

Collins, J. The plaintiffs in this case appeal from an order made in the district court, releasing and discharging a garnishee, after examination, from all liability under proceedings in garnishment. The respondents contend, upon the authority of *Croft* v. *Miller*, 26 Minn. 317, (4 N. W. Rep. 45,) that such an order is not appealable, and hence the appeal should be dismissed. In that case the attempt was made to remove to this court an order for judgment against a garnishee. In holding that it could not be done, but that judgment as

directed must first be entered, and an appeal taken from such judgment, this court followed several cases,—particularly mentioned in its opinion,—in which the same question had been raised in the ordinary civil action. Section 197, c. 66, Gen. St. 1878, authorizes an appeal by an aggrieved party to these proceedings from an order or from a final judgment. Section 187 of the same chapter directs the entry of judgment against a garnishee in case he is declared liable by the court, while section 175 forbids further proceedings, without the permission of the court, in certain cases, and whenever, upon full disclosure, a liability is denied by the garnishee; and section 177 authorizes the discharge of a garnishee, if it appears that he ought not to be held. As the statute does not compel a garnishee to obey a summons unless his fees for mileage and one day's attendance are tendered or paid in advance, it may be stated as the rule that, upon his discharge, the garnishee has no further claims for fees of any description, except, possibly, in the cases mentioned in sections 190, 194. It follows that if judgment must be entered upon a discharge it would not be for money, but a simple repetition of the order,—a mere ceremony. We are of the opinion that such an entry is not contemplated by the statute, and this view is strengthened by knowledge of the fact that no such practice has been customary during the many years the statute has been in force.

To sustain the order of the district court discharging the garnishee, the instrument under which he claimed to hold the property of the defendant Rakness must be declared a general assignment without preferences, and valid under the provisions of the statute (Gen. St. 1878, c. 41, title 3,) which regulates such assignments. It cannot be adjudged good under the terms of the insolvency act, (Laws 1881, c. 148,) for the facts which alone authorized an assignment under that act (see section 1) are not recited in the deed of assignment, nor did they exist. But by its terms the assignee was directed to first pay and discharge the expenses of executing and carrying into effect the trust, including his own compensation, and, "*second,* pay and discharge, in the order and precedence provided by law, all the debts and liabilities now due or to become due from said party of the first part, together with all interest due or to become due thereon, to all

his creditors who shall file releases of their debts and claims against the said party of the first part, or who shall otherwise be or become entitled to payment of their claims out of the property and effects hereby assigned, according to law and the statute in such case made and provided; and, if the residue of said proceeds shall not be sufficient to pay said debts and liabilities and interest in full, then to apply the same, so far as they will extend, to the payment of the said debts and liabilities and interest, proportionably to their respective amounts, according to law and the statutes in such case made and provided; and if, after payment of all the costs, charges, and expenses attending the execution of said trust, and the payment and discharge in full of all the lawful debts owing by the said party of the first part, of every description, there shall be any surplus of the said proceeds remaining in the hands of the party of the second part, then, *third*, repay such surplus to the party of the first part, his executors, administrators, or assigns."

If, by the use of the quoted language, creditors were required to execute and file releases of their claims as a condition to participating in a distribution of the trust fund, the assignment was invalid as to those who elect to ignore it,' as have these plaintiffs; and they have the right to proceed by garnishment to reach and subject the assigned property, or its proceeds, in the hands of the assignee, to the liquidation of their judgment. *May* v. *Walker*, 35 Minn. 194, (28 N. W. Rep. 252.) The effect of that unauthorized part of the instrument which exacts from the creditor who desires to share in the estate a release of his claim would not be regarded as uncertain, as is demonstrated in the case just cited, were it not for the clause which closely follows it, and provides for the payment of all "who shall otherwise be or become entitled," etc. In view of the fact that upon reading the deed of assignment a creditor might naturally conclude that the assignor's property had been seized in attachment, or levied upon by virtue of an execution, or that garnishment proceedings had been commenced against him, whereupon he had assigned under the insolvency act of 1881, and in view of another fact, that under that act, (§ 10,) there may be persons who "otherwise" become entitled to payment, and to whom this ambiguous clause might well

apply, we are obliged to pronounce this assignment fraudulent and void.    In the recent case of *In re Bird*, 39 Minn. 520, (40 N. W. Rep. 827,) the assignors claimed that, as their deed of assignment contained recitals which, if the facts existed, established their right. to demand releases from their creditors before the latter were entitled to dividends, such releases should be filed, although the deed imposed no such condition, and was wholly silent upon the subject. This court then said that the "distribution must follow the declared terms of the trust.    Creditors have a right to be informed by the assignment itself what its conditions are, and on what terms they are entitled to share in its benefits, and not have their rights left in a. state of uncertainty, and dependent upon the existence or non-existence of certain extraneous facts."    These expressions are pertinent. to the case at bar.    The obnoxious conditions of distribution were declared in the deed, and by it creditors were advised that releases. were required.    They could only learn to the contrary by investigation into matters outside of the assignment itself, and by discovering the non-existence of facts which alone would justify an assignment. under the act of 1881.    The subsequent declaration in the deed, that the surplus should not be returned to the assignor until his debts were paid in full, did not do away with the condition previously and explicitly stated and imposed.

The order is reversed, and the case remanded, with instructions that the district court proceed against the garnishee in the manner prescribed by law.