SECOND NATIONAL BANK OF ST. PAUL *vs.* EDWARD V. SCHRANCK and Garnishee.

### February 18, 1890.

**Assignment in Insolvency—Collateral Attack.**—A deed of assignment, complete and regular upon its face, purporting to have been made by virtue of the provisions of Laws 1881, *c.* 148, (the insolvency act,) although actually unwarranted by the existence of such facts as would alone justify such an assignment, cannot be attacked and assailed in collateral proceedings.

On March 5, 1889, one John Kraus brought suit against defendant Schranck, in a justice's court in St. Paul, and one Geo. W. Walsh was summoned as garnishee. On the same day Schranck made a general assignment to defendant Albert W. Schwabe of all his property not exempt from execution, for the benefit of such of his creditors as should file releases, the assignment reciting the garnishment proceedings, and purporting to be made under the insolvent law. (Laws 1881, *c.* 148.) On March 11, 1889, Schwabe accepted the trust, and on that day the assignment, with his acceptance, was filed in the office of the clerk of the district court for Ramsey county. On March 21st the inventory was filed, and on March 26th the assignee filed his bond. The suit in justice's court was called on the return-day, March 15th, and was continued by consent to March 22d, and again to March 29th, at ten o'clock A. M., when it was again called, and was dismissed for failure of plaintiff to appear within the hour allowed for that purpose, and for want of jurisdiction of the justice, and judgment was rendered against plaintiff for costs, and the garnishment proceeding was dismissed. On March 26, 1889, the plaintiff re-

covered and docketed a judgment for $310.35 against Schranck in the district court for Ramsey county, on a promissory note made December 31, 1888, and payable 30 days from date; and after the entry of the judgment, and on the same day, the plaintiff filed an affidavit for garnishment in the action, which was duly served on Schwabe, who disclosed that at the date of service he held in his hands $640, being the proceeds of the assigned property. The plaintiff thereupon filed a supplemental complaint against the garnishee, alleging the matters above stated, and also alleging that no pleadings, either verbal or written, were ever had in the action of Kraus against Schranck in justice's court; that Schranck was in no way indebted to Kraus; that at the date of the service of the garnishee summons in that action upon Walsh, the garnishee, the latter had no property or effects of Schranck in his possession or control, nor has he since had any, but on the contrary Schranck was indebted to Walsh in the sum of $27.50; that the action of Kraus against Schranck was fictitious, and was brought, and the garnishment made, solely in order to enable Schranck to take advantage of the insolvent law, and with the fraudulent purpose of evading the true object and meaning of that law. The assignee, Schwabe, answered the supplemental complaint, and the action was tried before *Kerr*, J. The plaintiff introduced evidence tending to prove its allegations respecting the proceedings in the action of Kraus against Schranck and the character and purpose of that action, and the court directed a verdict in its favor against Schwabe, as garnishee, for the amount of its judgment with interest. On motion of Schwabe a new trial was granted, from which order the plaintiff appeals.

*Berryhill & Davison*, for appellant.

*O. E. Holman*, for respondent.

COLLINS, J. In all of the cases heretofore considered by this court, in which the point might have been raised, it has been assumed that a deed of assignment, regular upon its face, purporting to have been made by virtue of the provisions of chapter 148, Laws 1881, but actually unwarranted by the existence of the facts which alone would justify such an assignment, could be attacked and assailed collaterally; for instance, by proceedings in garnishment against the person who has

qualified as assignee, as was attempted in this case. The correctness of this practice has never been questioned, and, as a consequence, it has not been decided, although it was held in *Lord* v. *Meachem,* 32 Minn. 66, (19 N. W. Rep. 346,) the assignment being, in fact, valid, that the assignee could not be garnished, for several reasons, the insuperable one being that the assigned property was *in custodia legis.* But we are clearly of the opinion, in view of the character of the proceedings in insolvency, that in cases where the deed itself is regular, and, upon its face, complete, no distinction can be made, and that this method of adjudicating upon the validity of the assignment, by collateral attack, is irregular, and should no longer prevail. When the assignment is perfected, and to some extent, at least, prior thereto, its entire subject-matter—all that is involved, including the assigned estate—passes under the jurisdiction of the district court, *ipso facto.* Immediately, and without any further act, the assigned property is in the custody of the law. Supervisory authority and control are conferred upon the court, and the insolvent himself yields to its jurisdiction when he files the deed of assignment; and this extends from that time clear through all of the steps which may prove essential, including the final decree. The proceeding, from beginning to end, requires the exercise of judicial power, and is judicial in its nature. *Clark* v. *Stanton,* 24 Minn. 232; *Kingman* v. *Barton,* Id. 295; *In re Mann,* 32 Minn. 60, (19 N. W. Rep. 347.) As the assignment here was apparently valid and well founded in fact, and the proceedings are judicial in their character, it cannot be attacked and assailed collaterally, in another judicial proceeding. In placing our decision upon this ground, we do not wish to be understood as intimating that the court below was in error in its reasons for granting a new trial.

The case is remanded, with direction to enter judgment for defendant.