WEBSTER SMITH *vs.* ED. S. BEAN, Sheriff.

May 9, 1891.

**Insolvency—Assignment held Valid on its Face.**—A deed of assignment for the benefit of creditors, reciting as facts the conditions which would justify an assignment under the insolvent law of 1881, and providing for distribution to "creditors who shall file releases of their debts as by law provided," *held* to be on its face a valid assignment under that statute.

**Same—Assignment Executed out of State by Non-resident.**—Such an assignment may be executed out of this state, and even by a non-resident; the same being filed in the county in this state where the business of the assignor had been carried on.

**Same—Evidence—Specific Objection—Waiver of Other Objections.**—Such an assignment being offered in evidence in proof of the right of the assignee to maintain an action, the defendant objected only on the ground that it was executed out of the state. By thus limiting his objection the defendant waived any objection which might have been made on the ground that the facts had not been shown which under the statute would authorize the making of an assignment.

**Appeal—Instruction not Excepted to.**—Error is not to be assigned concerning a charge of the court not excepted to.

**Same—Assignments of Error not Included as Points.**—An appellant is not entitled to have assignments of error considered when he has not included them as points relied upon in his brief.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Kerr*, J., a verdict of $1,974.83 returned for plaintiff, and a motion for a new trial denied upon plaintiff consenting to a reduction of the verdict to $1,554.55.

*F. M. Trissal* and *Davis, Kellogg & Severance,* for appellant.

*F. C. Stevens* and *T. D. Sheehan,* for respondent.

DICKINSON, J.[1]   On the 26th of February, 1889, the defendant, the sheriff of Ramsey county, holding an attachment against the property of one P. Sprague Haskell, levied upon the property of the plaintiff's

---

[1] Mitchell, J., took no part in this decision.

assignor, Harry C. Haskell, consisting of a stock of groceries, with some other personal property. Six days thereafter the owner of the goods so seized made an assignment to the plaintiff, under our insolvent law, for the benefit of his creditors who should file releases of their debts and claims, as by law provided. This action is prosecuted to recover for the seizure and conversion of the property. The defendant calls in question the validity of the assignment, and also relies, in mitigation of damages, upon the fact that prior to the commencement of this action he surrendered the property to one Creelman, who, as the assignee of a chattel mortgage executed by the owner of the property in 1888, is claimed by the defendant to have been entitled to the possession. Judgment having been entered for the plaintiff on the verdict of a jury, without any allowance in mitigation on account of the delivery of the property to the holder of the mortgage, the defendant appealed.

It is urged by the appellant in defence that the assignment to the plaintiff was invalid for various reasons, some of which go to the validity of the assignment on its face, the others relating to the absence of proof of the statutory conditions authorizing the making of the assignment. We think that this was on its face a valid assignment under the insolvent law of 1881. Even if it be true that the assignor had become a non-resident of the state, the assignment would still be legal. *In re Howes,* 38 Minn. 403, (38 N. W. Rep. 104.) It was properly filed in the office of the clerk of the district court in the county "wherein the business in reference to which the same is made has been principally carried on." See Laws 1881, *c.* 148, § 1, and Laws 1876, *c.* 44, § 1, (Gen. St. 1878, *c.* 41, § 23.) The deed of assignment recites as. facts such conditions as would justify an assignment under the insolvent law above cited, and it is apparent from these recitals and from the further terms of the deed that it was intended to be made in accordance with that statute. The recital of the statutory conditions point to this conclusion. The provision as to creditors filing releases "as by law provided" can have reference to no other law. It is to be read and construed in connection with that law in accordance with which, under the direction of the court, it was intended to be, and is to be, administered

and carried into effect. Thus construed, it is not to be deemed invalid because in terms it provides for distribution only to creditors "who shall file releases of their debts and claims * * * as by law provided." Under the statute only such creditors are entitled to share in the distribution of the insolvent estate, unless, under the circumstances specified in section 10, the court shall by order otherwise direct. Giving effect to the qualifying words, "as by law provided," the deed is to be construed as authorizing distribution without the filing of releases in case the court, in accordance with the statute, shall so direct. In brief, it is to be said that it is apparent from the deed of assignment itself that it was intended thereby to transfer to the assignee the property of the assignor as an insolvent debtor, to be administered under the direction of the court in accordance with the statute providing for and regulating such assignments; and it is not to be deemed invalid because it does not fully specify the manner of distribution under peculiar circumstances concerning which the statute makes specific provision. The assignment was not invalid by reason of the provision that the surplus, if any, should be repaid to the assignor. Even without such a provision the law would make the same disposition of the surplus.

It is said that proof was not made of the facts which would justify the making of an assignment under the insolvent law. The defendant should not now prevail on this point, for the reason that he may fairly be said to have waived any such objection when, upon the assignment being offered in evidence, he made objection to it solely on the ground that it was executed out of this state.

It is claimed that the general charge of the court relating to the validity and effect of the mortgage above referred to was erroneous. Even if this were true, it could not avail the appellant, for no exceptions were taken. In this connection, however, we will say that the case justified the court in instructing the jury upon this subject. Even though the pleadings did not make an issue as to the validity of the mortgage, it was tried as an issue in the case, evidence being received going to show that the parties to the mortgage contemplated that the mortgagor should sell the property without accounting for the proceeds to the mortgagee. See *Horton* v. *Williams*, 21 Minn. 187.

While an objection was interposed to the reception of evidence, the ruling upon the objection is not assigned as error, and must be deemed to have been abandoned. This issue being in the case, the court did not err in refusing to give requested instructions which involve an assumption of the validity of the chattel mortgage. It may be added that an appellant is not entitled to have assignments of error passed upon when he has not included them as points relied upon in his brief.

Judgment affirmed.

