ISAAC STAPLES v. SCHULENBURG & BOECKELER LUMBER COMPANY.[1]

Aug. 6, 1895.

Nos. 9464—(268).

Assignment for Benefit of Creditors—Collateral Attack.

The rule followed as laid down in Second Nat. Bank v. Schranck, 43 Minn. 38, as to collateral attacks upon deeds of assignment made under the insolvency laws of this state, and regular and complete on their face.

On November 9, 1894, defendant corporation, organized under the laws of Missouri, at St. Louis, Missouri, executed to one Tittman, for the benefit of creditors, an assignment of all its property in the

1 Reported in 64 N. W. 148.

states of Missouri, Illinois, Kansas, and Wisconsin.   On November 15, 1894, action was commenced by personal service upon defendant in the district court for Washington county, and on December 26, 1894, judgment was entered in favor of plaintiff for $714.64.   On November 16, 1894, defendant at St. Paul, Minnesota, executed an assignment for the benefit of creditors, under Laws 1881, c. 148, and the acts amendatory thereof, to David Bronson, and on November 17, 1894, at St. Louis, Missouri, defendant executed an identical assignment, both of which assignments were on November 19, 1894, filed with the clerk of the district court of said Washington county. On December 26, 1894, plaintiff instituted garnishee proceedings against said Bronson.   From an order, Williston, J., denying plaintiff's motion for judgment in his favor and against the garnishee, and also discharging the garnishee, plaintiff appealed.   Affirmed.

*Nethaway & Gillen,* for appellant.

*Warner, Richardson & Lawrence* and *Manwaring & Sullivan,* for garnishee respondent.

COLLINS, J.   There is no merit in the claim made by counsel for appellant that the deeds of assignment, purporting to have been made and delivered under the provisions of the insolvency laws of this state by defendant company to respondent, were not properly executed, and, in form, did not convey to the assignee all of defendant's property wherever situated.   These deeds were regular in form, and complete upon their face.   They cannot be attacked and assailed collaterally,—for instance, in garnishment proceedings instituted against a regularly appointed and duly qualified assignee. Second Nat. Bank v. Schranck, 43 Minn. 38, 44 N. W. 524.

Order affirmed.