FOLEY-BEAN LUMBER COMPANY v. E. P. SAWYER.

April 26, 1899.

Nos. 11,612—(52).

**Insolvency—Federal Bankrupt Act of 1898—Laws 1881, c. 148.**
The federal bankrupt act of 1898 superseded the state insolvent law of 1881 from the date of its passage (July 1, 1898), except as to proceedings commenced prior to that date.

Petition in the district court for Anoka county by Foley-Bean Lumber Company for the appointment of a receiver of the property of E. P. Sawyer, insolvent. From an order, Tarbox, J., appointing such receiver, the insolvent appealed. Reversed.

*James A. Kellogg,* for appellant.

From the time of the passage of the national bankruptcy act, all state laws concerning persons and cases within the purview of the act were suspended. Sturges v. Crowninshield, 4 Wheat. 122; Ogden v. Saunders, 12 Wheat. 213; In re Reynolds, Fed. Cases, No. 11,-723; Boyle v. Zacharie, 6 Pet. 635; Thornhill v. Bank of Louisiana, Fed. Cases, No. 13,992; Clarke v. Rosenda, 5 Rob. (La.) 27; Beach v. Miller, 15 La. An. 601; Fisk v. Montgomery, 21 La. An. 446; Van Nostrand v. Carr, 30 Md. 128; Rowe v. Page, 54 N. H. 190; In re Reynolds, 8 R. I. 485. The act was in force from and after its passage. Traders Bank v. Campbell, 14 Wall. 87.

*Jenkins & Jenkins,* for respondent.

The state insolvency laws remain in force when not in conflict with a national bankruptcy act, and state courts do not lose juris-

diction merely by the passage of such an act. Eyster v. Gaff, 91 U. S. 521. The passage of this act, inoperative in one class of cases for one month and in another for four months, did not destroy the insolvency laws of Minnesota, so far as they affected the present case. Ogden v. Saunders, 12 Wheat. 213; Chamberlain v. Perkins, 51 N. H. 336; Hutchins v. Taylor, 5 Law Rep. 289; Swan v. Little-field, 4 Cush. 574; Judd v. Ives, 4 Met. (Mass.) 401; In re Horton, 5 Law Rep. 462; In re Holmes, 5 Law Rep. 360; Day v. Bardwell, 97 Mass. 246; Martin v. Barry, 37 Cal. 208.

MITCHELL, J.

On July 15, 1898, the respondent petitioned the district court for the eighteenth judicial district for the appointment of a receiver of the property of one Sawyer, an insolvent debtor, pursuant to the provisions of section 2 of the insolvent law of 1881 (G. S. 1894, § 4241). The court overruled the insolvent's motion to dismiss the petition, and appointed a receiver as prayed for. This appeal is from the order appointing a receiver.

Numerous questions have been raised and argued by counsel for the appellant, but the only one which we find necessary to consider is whether the federal bankrupt act approved July 1, 1898 (30 St. [U. S.] 544 [c. 541]), had suspended and superseded the state in-solvent law of 1881 at the time the petition for a receiver was presented. The act of 1881 is in all essentials a bankrupt act, and not merely an act regulating common-law assignments for the ben-efit of creditors. It and the federal bankrupt act cover the same general ground. The two act upon the same subject-matter, upon the same persons, both debtors and creditors, upon the same rights, and, generally, have the same object. Hence it is obvious that both cannot operate at the same time without collision; and the federal law being paramount, the state law must yield.

These propositions are not controverted by the petitioner, but his contention is that the federal law having postponed the filing of any petition for voluntary bankruptcy until August 1, and for in-voluntary bankruptcy until November 1, 1898, the act had not yet become operative, and that it is only when a federal bankrupt act

becomes operative remedially that it has the effect of superseding state bankrupt laws. The federal statute, 30 St. 566, provides that:

"This act shall go into full force and effect upon its passage; provided, however, that no petition for voluntary bankruptcy shall be filed within one month of the passage thereof, and no petition for involuntary bankruptcy shall be filed within four months of the passage thereof. Proceedings commenced under state insolvency laws before the passage of this act shall not be affected by it."

This language, in our opinion, shows that the manifest intention of congress was that the rights and liabilities of all persons, in the particulars to which the act refers, should be determined by the act from the time of its passage, although the institution of proceedings to enforce them is postponed to the dates specified. The only saving clause in favor of the jurisdiction of the state courts is for proceedings commenced under state insolvency laws prior to the passage of the act. Under the maxim that the expression of one thing is the exclusion of another, the plain implication is that the institution of proceedings under state laws after the passage of the act is unauthorized. The terms of the federal bankrupt act of 1867 are very different. They were that

"This act shall commence and take effect, as to the appointment of the officers created hereby and the promulgation of rules and general orders, from and after the date of its approval; provided, that no petition or other proceeding under this act shall be filed, received, or commenced before the first day of June, Anno Domini 1867."

Hence decisions interpreting that act are not in point. The difference between its language and that of the act of 1898 was apparently ex industria, and the language used in the latter makes clear the intention of congress that it should supersede all state insolvent laws, except as to pending proceedings, from the date of its passage. It may be, and probably is, true that congress cannot abolish or supersede state bankrupt laws without furnishing a system of bankruptcy of its own. But the act of 1898 does provide a system of remedies, and merely postpones the time when they can be resorted to for a reasonable time for the promulgation of rules, the appointment of officers created by the act, and to give the pub-

lic an opportunity to become acquainted with the provisions of the act, and prepare themselves for the new system. We think that this was a mere regulation of procedure, which did not deprive suitors of a reasonable remedy, and was a due exercise of the paramount authority of congress to establish a uniform system of bankruptcy. As yet, authorities on this question are few, but our views are fully sustained by Parmenter v. Hamilton, 172 Mass. 178, 51 N. E. 529, and In re Bruss-Ritter Co., 90 Fed. 651.

Order reversed.