OBED P. LANPHER and Others v. JOSEPH BURNS and Another.

October 19, 1899.

Nos. 11,755—(42).

### Assignment for Benefit of Creditors—Laws 1881, c. 148.

To constitute an effective assignment for the benefit of creditors under the insolvent act of 1881, it must affirmatively appear from the face of the instrument that it was executed under the provisions of that act; otherwise, it must be conclusively presumed to be merely a common-law assignment, under the act of 1876.

### Common-Law Assignment.

In the case of a mere common-law assignment for the benefit of creditors, void for any cause, creditors may seize the property on legal process the same as if no assignment had been made, and, as a defense to an action brought by the assignee, set up the invalidity of the assignment.

### Same—Assignee to be Resident Freeholder.

Under the assignment law of 1876, an assignment for the benefit of creditors is void unless the assignee named therein is a resident and freeholder of this state.

Action in the district court for St. Louis county praying that an assignment for benefit of creditors executed by defendant Burns to defendant Holmes be adjudged void and for other relief. The case was tried before Cant, J., who found in favor of plaintiffs; and from a judgment entered pursuant to the findings, defendant Holmes appealed. Affirmed.

*Davis, Hollister & Hicks* and *Henry J. Grannis,* for appellant.

*Alford & Hunt,* for respondents.

MITCHELL, J.

In November, 1897, the defendant Burns executed to the defendant Holmes an assignment of all his unexempt property for the benefit of his creditors. All the conditions existed in fact which would have authorized Burns to execute a valid assignment for the benefit of his creditors, either at common law as regulated by the assignment act of 1876, or under the insolvent law of 1881. The instrument did not state, and there was nothing in its contents to show, under which act it was executed, except and unless it be the

fact that the trust created by it is not for the benefit of those creditors who shall release the debtor, but for the benefit of all creditors. No releases were required as a condition of sharing its benefits.

In January, 1898, the plaintiffs commenced an action against Burns for the recovery of money, and garnished Holmes, who disclosed that he had in his possession property of Burns, which he held under this assignment. Thereupon, after plaintiffs had obtained judgment against Burns, they commenced this action against him and Holmes to have the assignment adjudged void and set aside, on the ground (which the court finds was the fact) that Holmes was not at the date of the assignment, and never since had been, a freeholder within this state, and to have it further adjudged that the garnishment of Holmes constituted a good and valid lien upon the money and property disclosed by him to be in his hands. The court held that the assignment was void for the reason already stated; that the plaintiffs had, by virtue of their garnishment, a valid lien on the money and property in Holmes' possession; and directed him to pay or turn over to plaintiffs sufficient thereof to satisfy their judgment against Burns. From a judgment entered accordingly, the defendant Holmes appealed.

In our opinion, the whole case turns upon the question whether, on these facts, the instrument is to be held an assignment at common law, as regulated by the act of 1876 (G. S. 1894, § 4227, et seq.), or one under the insolvent law of 1881 (section 4240, et seq.). This is to be determined exclusively from the face of the assignment itself.

The act of 1876 expressly provides that every such assignment shall be void, unless the assignee or assignees therein named are residents and freeholders of this state. Hence, in the case of an assignment at common law under the act of 1876, the disability of the assignee in the respect referred to, or fraud on part of the assignee, will per se render it void. But for reasons growing out of the nature and purpose of the act of 1881, which is a bankrupt act, we have repeatedly held that such facts will not avoid an assignment executed under that act. In re Mann, 32 Minn. 60, 19 N. W. 347; Simon v. Mann, 33 Minn. 412, 23 N. W. 856. The reasons for

this distinction are fully stated in the cases cited, and hence need not be repeated.

We are of opinion that, to constitute a valid and effective assignment under the act of 1881, it must affirmatively appear from the face of the instrument that it was executed under the provisions of that act. The power to make an assignment for the benefit of creditors existed at common law, and was not dependent on any statute. The act of 1876 merely regulates in certain particulars the exercise of this pre-existing right. But the power to execute an assignment under the act of 1881, which has been repeatedly held to be in all essentials a bankrupt act, is derived exclusively from the statute itself. The scope and purpose as well as the respective rights and remedies of debtor and creditors under a common-law assignment are in many substantial particulars different from one under the act of 1881. In view of this, we deem it essential that creditors and other interested parties shall be advised by the instrument itself whether it is an assignment under the act of 1881, and, if it does not so advise them, it must be conclusively presumed to be merely a common-law assignment. While this court may not have previously expressly so held, yet we think it will be found that all of our decisions bearing upon the subject have proceeded, impliedly at least, upon that assumption. See Smith v. Bean, 46 Minn. 138, 48 N. W. 687.

We do not wish to be understood as meaning that it is essential that the assignment should expressly state, in so many words, that it is executed under the law of 1881. That may sufficiently appear from the fact that the assignment contains provisions authorized by the act of 1881 which would be neither authorized nor valid in a common-law assignment, as, for example, creating a trust exclusively for the benefit of creditors who shall file releases of the debtor. Smith v. Bean, supra. The question whether an assignment which does not provide for such releases can ever be effective under the act of 1881 has several times been mooted, but never passed upon by this court. Some quite forceful reasons in favor of the negative have been urged by Justice Putnam in Greaves v. Neal, 57 Fed. 816. But it is unnecessary at this time to pass upon this question.

We therefore hold that the instrument under consideration is

merely a common-law assignment, and as such is void, under the provisions of the act of 1876, because the assignee named therein was not a resident freeholder of this state.

2. It is further urged that the assignment cannot be attacked "collaterally, but only directly, in the assignment proceeding." Without stopping to consider the nature of the attack made upon this assignment, it is sufficient to say that nothing is better settled than that, in the case of a common-law assignment for the benefit of creditors, void for any cause, creditors may attach or levy upon the property assigned precisely as if no assignment had been made, and as a defense to a suit by the assignee set up the invalidity of the assignment. The authorities cited by appellant were cases of assignments under the act of 1881, regular upon their face, where the assignment proceeding is held to be judicial, and the property assigned in custodia legis. See Second Nat. Bank v. Schranck, 43 Minn. 38, 44 N. W. 524. The cases are not in point.

Judgment affirmed.