# RUSSELL L. MOORE v. C. A. BETTINGEN.[1]

November 24, 1911.

Nos. 17,379—(103).

**Assignment for creditors — release of debtor.**

A common-law assignment for the benefit of creditors, which requires a release of the debtor in consideration of the right to participate in the proceeds of the trust, is invalid as to creditors not assenting to the same. May v. Walker, 35 Minn. 194, followed and applied.

**Same — nonassenting creditor.**

A creditor who does not assent to such an assignment may attack it in any appropriate proceeding, and is not required to resort to bankruptcy or insolvency proceedings.

**Statute relating to express trusts.**

Subdivision 6, § 3249, R. L. 1905, *held* not applicable to assignments for the benefit of creditors, but intended by the legislature to authorize trusts of an entirely different character.

Action in the district court for Ramsey county against Luther S. Cushing, Fred S. Berry and William Poppenberger, as trustees, and C. A. Bettingen, to require defendant Bettingen to set up his claims to the interest of plaintiff's judgment debtor, Joseph A. Hurley, in the hands of defendant trustees, and to adjudge plaintiff's judgment to be a lien upon the moneys of said Hurley under and by virtue of a trust deed made by Mark J. Fitzpatrick and others, for the benefit of their creditors, to defendant trustees, and that the interest of Hurley therein be sold to satisfy the judgment. Defendant Bettingen in his answer admitted plaintiff's judgment against Hurley and a pretended levy of execution thereunder on the moneys in the hands of defendant trustees, and that the execution was returned wholly unsatisfied. The answer also set up a trust agreement

[1] Reported in 133 N. W. 561.

[Note] As to necessity of acceptance of assignment for creditors, see note in 24 L.R.A. 369.

between said Hurley and said Bettingen. The case was tried before Brill, J., who made findings substantially as set forth in the opinion, and as conclusion of law found that the conveyance in trust by Hurley to Bettingen was in legal effect an assignment for the benefit of creditors, and fraudulent and void as to plaintiff; that plaintiff was entitled to have his judgment paid out of the fund in the hands of defendant trustees which might be due by virtue of the indebtedness of the Fitzpatricks to Hurley. From an order denying defendant Bettingen's motion for a new trial, he appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*Russell L. Moore,* pro se.

BROWN, J.

The facts in this case are clearly stated in the findings of the trial court, and are substantially as follows:

On February 1, 1910, plaintiff recovered a judgment against Joseph A. Hurley in the municipal court of the city of St. Paul for the sum of $367.31, upon an indebtedness in favor of plaintiff and against Hurley existing at the time of and long prior to the assignment by said Hurley of all his property to defendant Bettingen for the benefit of creditors, hereinafter to be mentioned. Execution upon the judgment has been issued and returned unsatisfied. On March 12, 1908, by a deed of express trust in writing, duly filed and recorded, Mark J. Fitzpatrick and Thomas Fitzpatrick & Son, contractors doing business in the city of St. Paul, duly conveyed and transferred to defendants Cushing, Berry, and Poppenberger, in trust, certain real property situated in Ramsey county, for the benefit of the creditors of said Fitzpatricks, and said defendants as trustees have converted the property into money, and now hold the same as such. Hurley was at the time of that assignment a creditor of the Fitzpatricks, was a party to that proceeding, and is entitled to the sum of about $1,000 as his proportion of the money realized by the trustees. Plaintiff by this action seeks to subject this fund to the payment of his judgment, and he is entitled to the relief, unless the rights of defendant Bettingen are superior. The present controversy

is therefore between plaintiff and Bettingen. The asserted rights of Bettingen are founded upon the following facts:

On January 21, 1910, Hurley was and had been for many years a resident of St. Paul, and was then insolvent and unable to pay his debts, and is still insolvent. On the date named he entered into an agreement with defendant Bettingen, by the terms of which, after reciting the Hurley indebtedness and his inability to pay the same, Hurley assigned to Bettingen all property owned by him, not exempt from execution, for the benefit of all creditors who should subsequently assent thereto. The assignment provided for the payment of all expenses incident to the administration of the trust, all taxes and preferred claims, and that the residue be paid to the assenting creditors upon their executing to Hurley a release from all liability for any balance remaining unpaid. In form and substance the agreement amounts to an assignment for the benefit of creditors, and the record discloses that the property assigned is wholly insufficient to pay the debts. A list of creditors, with the amount of their respective claims, was attached to and made a part of the assignment, and also a schedule of the property transferred. Bettingen accepted the trust, took possession of the property, and is now engaged in administering the same. He claims in this action the amount coming from the Fitzpatrick trust, and that his right thereto is superior to that exhibited by plaintiff. Plaintiff at no time assented to this transfer of Hurley's property, and never became a party to the trust proceedings. The assignment was never filed with the clerk of the district court, and Bettingen never executed a bond for the faithful discharge of his duties as trustee. The trial court held the assignment invalid as to all nonassenting creditors, and ordered judgment for plaintiff, and defendant appealed from an order denying a new trial.

The most that can be said of the assignment to Bettingen is that it was valid either as a common-law assignment for the benefit of creditors, or authorized by subdivision 6, § 3249, R. L. 1905, which provides for express trusts in the cases therein mentioned. It was clearly not valid under chapter 90, R. L. 1905, relating to insolvency proceedings, for that statute was suspended and became inoperative

upon the passage of the Federal bankruptcy act. Foley-Bean Lumber Co. v. Sawyer, 76 Minn. 118, 78 N. W. 1038. Nor can it be sustained under chapter 89, R. L. 1905, for the provisions of that statute were not complied with, and there appears to have been no attempt to proceed thereunder. In fact, counsel for Bettingen does not rely upon either of these statutes to sustain the validity of the trust. He does rely upon subdivision 6, § 3249, R. L. 1905. We are clear that that statute should not be construed as embracing within its scope assignments for the benefit of creditors, and it can therefore have no application. That statute was intended to apply to trusts of an entirely different character than those created for the benefit of creditors, and an enlargement thereof, so as to include the latter by judicial construction, would not be justified. So we pass the statute as inapplicable.

It may be conceded for the purposes of the case, without stopping to consider the question, that a common-law assignment for the benefit of creditors may be made in this state, notwithstanding the insolvency statutes and the act of Congress. And we have only to consider when and under what circumstances such assignments are valid. It is the contention of counsel that such assignments are valid as to all creditors, unless within four months from notice thereof the nonparticipating creditors institute proceedings under the Federal bankruptcy act. And this, too, notwithstanding the fact that the assignment requires, as a condition to participating in the proceeds of the property assigned, a release of the debtor.

We are unable to concur in this contention. Whatever may be the trend of decisions in other jurisdictions—and they are not in harmony upon the subject—the question would seem to be settled in this state.

The assignment here involved provides for the release of the debtor in consideration of the assignment and a receipt of a proportionate share of the proceeds of the property assigned. It was held in May v. Walker, 35 Minn. 194, 28 N. W. 252, that such an assignment was void as to nonassenting creditors, and that decision was followed and applied in McConnell v. Rakness, 41 Minn. 3, 42 N. W. 539. While in the May case the assignment may not have included all the

116 M.—10.

debtor's property, the court treated the question generally, and held that any assignment which by its terms required releases was, in the absence of a statute otherwise providing, void as to nonassenting creditors. The decision cannot, therefore, be said to be mere obiter and not binding. The rule thus laid down has been generally regarded, so far as our information extends, as settling the law upon that point in this state.

Nor has the force or effect of the rule been obviated or overcome by subdivision 6, § 3249, heretofore referred to. As already held, that statute has no application to trusts of this character. While the authorities elsewhere are not in accord upon the question, the rule adopted in this state has respectable support from the courts of last resort in other states. 4 Cyc. 191; Grover v. Wakeman, 11 Wend. 187, 25 Am. Dec. 624, and cases there cited; 58 Am. St. note on page 85.

The assignment being void as to nonassenting creditors, they may attack it in any appropriate proceeding, and are not required to initiate insolvency or bankruptcy proceedings. Lanpher v. Burns, 77 Minn. 407, 80 N. W. 361. In the case of Armour Packing Co. v. Brown, 76 Minn. 465, 79 N. W. 522, the assignment was valid under our insolvency statute, and it was held that it could only be attacked by proper proceedings under the Federal bankruptcy law. That a void assignment might be attacked collaterally was affirmatively decided in the Lanpher case, which must be followed and applied. The result is that a common-law assignment for the benefit of creditors is valid in this state only when assented to by the creditors, and those not assenting are not bound thereby and may attack it in any proper proceeding.

Order affirmed.