## LAMB-McGREGOR COMPANY v. CANTON GRAIN COMPANY.[1]

February 21, 1924.

No. 23,680.

**Fees of receiver.**

In this action, after judgment and return of execution unsatisfied, a receiver was appointed to take charge of the business and property in this state of defendant, a foreign corporation. Upon objection to the receiver's final account it is *held*:

(1) The receiver not being appointed under chapter 90, G. S. 1913, the limitations placed upon the fees therein of a receiver and his attorneys, section 8350, G. S. 1913, do not apply. The court could therefore allow what the services were reasonably worth, and the evidence shows the fees fixed by the court to be the reasonable value thereof.

[1]Reported in 197 N. W. 487.

(2)  The. evidence fails to show that the account should be surcharged in. any amount.

Action in the district court for Hennepin county to recover $33,777.96 and for the appointment of a receiver. Edward Nutter filed objections to the final account of C. L. Bostwick as receiver. The matter was heard by Dickinson, Waite, Leary, Molyneaux, Nye, Montgomery, Baldwin and Salmon, JJ., upon testimony taken by Leary, J., who approved the account and fixed the attorneys' and receiver's fees as stated in the second paragraph of the opinion. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Alfred W. Anderson*, for appellant.

*Jamison, Stinchfield & Mackall*, for respondent.

HOLT, J.

The Canton Grain Company, a foreign corporation, owned a line of grain elevators in Minnesota and North Dakota. Ed Nutter owned all the stock issued, except two or three qualifying shares held by members of his family. He now owns all. The Canton Company was financed largely by Lamb-McGregor Company of Minneapolis. Early in 1921 the former company found itself involved. At some of its elevators there was not grain on hand to meet the storage tickets issued therefrom. Mr. Nutter was apprehensive that the ticket holders might proceed against him under the criminal statutes. He advised with the Lamb-McGregor Company and its attorney, Mr. Stinchfield, as to what could be done. It was agreed that Lamb-McGregor Company should bring suit upon its claim of $33,777.96; the Canton Company should confess judgment; an execution should be issued and returned unsatisfied; thereupon an application for a receiver should be made so that opportunity to settle with storage ticket holders could be had and the property of the corporation disposed of so as to satisfy creditors, and, if possible, save something for the stockholders. This was carried out. The Canton Company was not insolvent, nor was it charged with insolvency in any of the proceedings. The receiver Mr. Nutter

selected was appointed, the claims of the ticket holders and all creditors were adjusted and paid in full, and the receiver has already turned over several thousand dollars to Mr. Nutter. Ancillary receivership proceedings were also instituted in North Dakota, which were under the direction of the attorneys of the receiver.

Mr. Nutter objected to the account of the receiver in respect to fees of himself and attorneys, and also asked to surcharge the account for damages because of the sale of a tract of land for less than its value and at a time when a sale thereof was not necessary. The full bench of Hennepin county passed upon the matters, after one judge thereof had taken and reported the testimony of the parties. The court fixed the receiver's fees at $3,500, the attorneys' fees at $4,250, and refused to surcharge the account because of the sale of the tract of land. This appeal resulted. It is irregular. The notice of appeal purports to be by the defendant and is directed to plaintiff. The bond is executed in behalf of Mr. Nutter as appellant. The real respondent is not plaintiff, but the receiver. We shall treat it as if the receiver was the respondent.

The same objections urged in the court below to the items mentioned are presented on the appeal. The basis for questioning the amount of the receiver's and attorneys' fees allowed is the contention that section 8350, G. S. 1913, fixes the maximum, and the court was without authority to find and allow a reasonable value in excess of the amount permitted therein. But that section is a part of chapter 90, G. S. 1913, relating to assignments of insolvent debtors for the benefit of all bona fide creditors who shall file releases of their demands. This chapter of the statutes has been held suspended or inoperative since the enactment of the Federal bankruptcy act. Foley-Bean Lumber Co. v. Sawyer, 76 Minn. 118, 78 N. W. 1038; Moore v. Bettingen, 116 Minn. 142, 133 N. W. 561, Ann. Cas. 1913a, 816. Moreover, the receiver in the instant case was not appointed under said chapter, but under sections 6634 and 7892, G. S. 1913, and the section relied on to measure or limit the fees of this receiver and his attorneys has no application. The court was therefore free to fix the amount at the reasonable value of the services.

Seven of the district judges heard the parties and agreed upon the amounts. No creditor is affected, for all have been paid in full. Mr. Nutter, the real appellant, is the only person interested as the sole remaining stockholder of the now defunct corporation, its time of existence having expired. The court below could well conclude that the result of the receiver's and his attorneys' efforts had been more than ordinarily beneficial to all concerned, and especially so to Mr. Nutter. And the latter being the only person concerned in the assets of the corporation, the court might well give effect to his agreement with Lamb-McGregor Company in respect to its expenses in connection with the receivership and the payment of its claim. Under the evidence adduced this court cannot hold that the fees are too high for the services rendered. No good purpose would be served by further detail of what was accomplished.

The claim that the receiver's account should be surcharged because of damages to Mr. Nutter from the sale of the tract of land referred to has no merit. The correspondence between him and the receiver clearly shows that the land was sold with the approval of Mr. Nutter.

The order is affirmed.