JOHN B. CONTER *vs.* SAINT PAUL & SIOUX CITY RAILROAD COMPANY.

### December 13, 1877.

Property Taken for Use of Railroad—Award of Commissoners—Appeal from Judgment of District Court, Entered on Appeal from Award.—Under appellant's charter no appeal lies from a judgment of the district court to review errors occurring during the trial of an appeal to such court, from an award of damages made by commissioners for taking property for the purposes of defendant's road. Neither does such an appeal lie under chapter 86, Gen. St., regulating appeals in civil actions. *McNamara* v. *Minn. Cent. R. Co.* 12 Minn. 388, followed upon this point.

Motion to dismiss appeal from judgment of district court for Scott county, entered upon a verdict on appeal from the award of commissioners, in proceedings for the condemnation of plaintiff's land for the use of the defendant's road.

*E. Southworth,* for appellant.

*Henry Hinds,* for respondent.

CORNELL, J. Respondent moves to dismiss the appeal on the ground that the judgment is not appealable.

In *McNamara* v. *Minn. Cent. R. Co.* 12 Minn. 388, on an appeal from an order of the district court, granting a new trial, the question was distinctly presented and considered as to the application of sections 1 and 8, *c.* 86, Gen. St., to special proceedings of this character, and it was held that they applied alone to civil actions, except the sixth subdivision of the latter section, which in terms relates to a final order affecting a substantial right in a special proceeding. It follows that no appeal lies from the judgment in this case, unless it is specially authorized by some provision contained in the appellant company's charter.

By the act of March 1, 1870, (Sp. Laws 1870, *c.* 73,) the charter of the defendant company was amended by repealing the provisions therein which conferred the right to take private property for the purpose of its road and regulated the proceedings therein, by substituting therefor the provisions of sections 13 to 27, inclusive, of chapter 34, title 1, Gen. St., relating to corporations as they then stood.

Upon an examination of these sections we are unable to discover any clause or provision giving the right of appeal from the judgment authorized to be entered by the district court, upon the trial therein of an appeal from the award of commissioners.

The cases cited by appellant, where the appeal was from an order denying a new trial, have no application, as such an order is specially provided for by subdivision 6, § 8, Gen. St., regulating appeals in civil actions. *McNamara* v. *Minn. Cent. R. Co., supra.*

In *Carli* v. *S. & St. P. R. Co.* 16 Minn. 260, and *Schermeely* v. *S. & St. P. R. Co.* Id. 507, though the appeal in each case was from an order granting a new trial, no motion to dismiss the appeal was made in either, and hence the point here made was not raised or called to the attention of the court in any manner. The same is true as to each of the other cases cited in appellant's brief. In *Warren* v. *First Div. St. P. & P. R. Co.* 21 Minn. 424, the appeal was from the judgment, but the

charter under which that company was acting contained a special provision allowing such an appeal. *Warren* v. *First Div. St. P. & P. R. Co.* 18 Minn. 392, citing § 13 of charter.

The condemnation proceeding had in the case of *Sherwood* v. *St. P. & C. R. Co.* 21 Minn. 121, 127, were under the same charter as in the Warren case. In *Rippe* v. *C. D. & M. R. Co.* the point here presented was not made, nor was the attention of the court called to the character of the statutory provisions relating to this question, and under which the proceedings in that case were had. Appellant has mistaken its remedy for the errors of which it complains.

The appeal is dismissed.