KOOCHICHING CO. v. ERIC FRANSON and Others.[1]

January 29, 1904.

No. 13,796.

**Appealable Order.**

A judgment vacating a town or village plat in proceedings under the provisions of section 2315 et seq., G. S. 1894, is appealable as a "final order affecting a substantial right," within the meaning of subdivision 6, § 6140, G. S. 1894, but must be taken within the time fixed for appeals from orders generally, namely, within thirty days from notice.

The Koochiching Company having filed in the district court for Itasca county its petition for an order of court vacating a portion of the plat of Koochiching and terminating the public easement in all the streets and public places so vacated, the court, McClenahan, J., after hearing, made its order that upon certain payments by petitioner to objectors August Franson, Eric Franson, Emma A. Olegaard and A. S. Lothian, judgment be entered granting the petition. From the judgment so entered Eric Franson and others appealed. The respondent moved to dismiss the appeal, and upon an order to show cause the appeal was dismissed.

*R. I. Tipton* and *P. J. Neff,* for appellants.

*C. J. Rockwood,* for respondent.

PER CURIAM.

Proceedings to vacate a town plat were commenced under section 2315 et seq., G. S. 1894, and resulted, after hearing before the court, in an order granting the prayer of the petitioners, upon which formal judgment vacating the plat was subsequently entered. Thereafter, but not within thirty days from the order or judgment, an appeal was taken from the judgment to this court by some of the owners of lots forming a part of the vacated plat. The petitioners moved in this court to dismiss the appeal upon two grounds: (1) That a judgment in such proceedings is not appealable, and (2), if appealable, the appeal was not taken in time.

[1] Reported in 98 N. W. 98.

No appeal is provided by the statutes authorizing proceedings of this kind, and an order or judgment vacating a town or village plat is not therefore appealable, unless by force of G. S. 1894. That section of the statute provides generally for appeals from judgments and orders of the district court, but its various provisions, except the sixth subdivision, were held, in McNamara v. Minnesota Cent. Ry. Co., 12 Minn. 269 (388), and Conter v. St. Paul & S. C. R. Co., 24 Minn. 313, to apply only to orders and judgments made and entered in civil actions, and that the sixth subdivision, providing for an appeal "from a final order affecting a substantial right, made in a special proceeding," had a broader scope, and should not be limited to orders made in civil actions. The cases cited arose in condemnation proceedings, and in one the appeal was from an order granting a new trial, and in the other from a final judgment rendered on a verdict. It was held that the order granting a new trial was not a final order, and that the judgment appealed from was not an order within the meaning of subdivision 6 of the statute referred to.

The statute under which these proceedings are conducted does not provide for any particular order or judgment of the court, and we have no difficulty in holding that the sixth subdivision of the section of the statute applies. That the proceeding is a special one, and comes within the meaning of the statute, there can be no doubt, and, whether the conclusions of the court vacating a plat be in the form of an order or judgment formally entered by the court, it is in the nature of a final order, for it puts an end to the proceedings, affects substantial rights, and is appealable, not as a judgment and within the time fixed for such appeals, but as a final order and within the time provided for such, namely, thirty days from notice of the order. Section 6138, G. S. 1894, allows appeals from judgments within six months from the entry thereof, but this section must, to be consistent with the cases above cited, be held to refer to judgments in civil actions, and not judgments in special proceedings like those here under consideration.

The appeal here involved was not taken within thirty days from notice of the entry of the order or judgment vacating the plat, and was not taken in time, and must therefore be dismissed. It is so ordered.

Appeal dismissed.