## IN THE MATTER OF THE ESTATE OF FANNY BRIDGHAM, DECEASED.[1]

March 21, 1924.

No. 24,070.

Appeal from district court order in re inheritance tax payable by nonresident.

1. Whatever form the adjudications of matters under section 2281, G. S. 1913, may take in the district court, they must be treated as final orders for the purpose of appeals to this court, and an appeal taken more than 30 days after receipt of written notice of the decision is not effective.

[1]Reported in 197 N. W. 847.

**Time for appeal started running upon receipt of written notice by mail.**

2. The written notice received through the mail by the aggrieved party set the time for appeal running.

From an order of the attorney general fixing the amount of an inheritance tax to be paid by them, the executors of the estate of Fanny Bridgham, deceased, appealed to the district court for Ramsey county where the appeal was heard by Sanborn, J., who amended the findings of the attorney general. From the judgment entered pursuant to the order for judgment, the state appealed. Appeal dismissed.

*Clifford L. Hilton*, Attorney General, and *Albert F. Pratt*, Assistant Attorney General, for appellant.

*Davis, Severance & Morgan*, for respondents.

PER CURIAM.

The executors appealed to the district court from an order of the attorney general fixing the amount of the inheritance tax to be paid by them. The court made this order:

"The court having heretofore made and filed its findings of fact and conclusions of law herein, dated June 29, 1923: It is hereby ordered that the supplemental findings and determination of the Attorney General appealed from be corrected, amended, and modified to conform to the said findings of fact and conclusions of law, and that judgment be entered accordingly."

The order was made, and judgment was entered pursuant thereto on September 11, 1923. The same day, the attorneys of the executors wrote a letter to the attorney general notifying him that the order had been made and the judgment entered, inclosing copies of both. The letter was mailed in St. Paul where the attorneys reside. The attorney general admits the receipt of the letter with inclosures on or about the day it was mailed. The appeal was taken by the state on January 9, 1924. The executors move to dismiss the appeal on the ground that it was not taken in time.

The state's contention that this is an appeal from a judgment which may be taken within six months from its entry cannot be

sustained. Section 2281, G. S. 1913, provides for the entry of orders by the district court, and for appeals as from orders. We think it was intended to give a speedy and summary determination of matters covered by the section, and whether the final determination is named an order or a judgment it must be treated as an order, and appealed from within 30 days after written notice thereof, and not later. Koochiching Co. v. Franson, 91 Minn. 404, 98 N. W. 98; Schweigert v. Abbott, 122 Minn. 383, 386, 142 N. W. 723.

The state insists that if the appeal must be taken within the time specified for appealing from an order, there was not notice served to set the time running. The notice was mailed and was received by the attorney general immediately. Had the attorneys for the executors resided and had their office in any other city than St. Paul, the notice would have been sufficient to bar an appeal long prior to the time it was attempted. The written notice mailed and received could not be construed by the attorney general as given for any other purpose than to fix the time limit of an appeal. In the case of Van Aernam v. Winslow, 37 Minn. 514, 35 N. W. 381, the court said: "When the paper actually comes to the hands of the person to be served within the time required for personal service, it is immaterial where it is mailed; for then it is equivalent to personal service." Hoff v. Northwestern Elev. Co. 120 Minn. 224, 139 N. W. 153, is to the same effect. . The appeal came too late and must be dismissed.