# IN RE DISSOLUTION OF OLIVIA CO-OPERATIVE MERCANTILE COMPANY.[1]

November 12, 1926.

Nos. 25,525, 25,526.

**Entry of judgment not required upon orders allowing claims in insolvency and those assessing stockholders.**

Orders, made under the statute, allowing claims against an insolvent corporation and assessing its stockholders, are final and do not authorize or require the entry of judgment thereon. They must be appealed from, if at all, within 30 days from notice.

Appeal and Error, 3 C. J. p. 1035 n. 25; p. 1043 n. 26; p. 1060 n. 58.
Corporations, 14 C. J. p. 1133 n. 51 New; 14a C. J. p. 1195 n. 28 New.

In proceedings in the district court for Renville county for the dissolution of the Olivia Co-operative Mercantile Company an order was made allowing claims of creditors and an order assessing stockholders on their constitutional liability, Baker, J. After the time for appeal judgment was entered on each order and later appeals were taken from the judgments. Appeals dismissed.

*Murray & Baker,* for appellants.

*John B. Trochill* and *Lindquist & Nordstrom,* for respondent.

STONE, J.

In this proceeding for the dissolution of a Minnesota corporation an order was made under G. S. 1923, §§ 8023, 8024, allowing the claims of creditors. Another order was made under sections 8026, 8027, assessing the stockholders on their constitutional liability. More than 30 days after each order but within six months from its date, there was entered at the instance of appellants, objecting stockholders, a purported judgment on each order. From the two supposed judgments so entered the two appeals now under consideration have been taken.

[1]Reported in 210 N. W. 628.

Both of the judgments, so called, were unauthorized. Both orders were final. As orders they were appealable, but only within 30 days after notice. If it be said that because of their finality they are judgments upon the matters involved, then it must be held notwithstanding that they are to be considered as orders for the purpose of appeal under the rule of Koochiching Co. v. Franson, 91 Minn. 404, 98 N. W. 98, and In re Estate of Bridgham, 158 Minn. 467, 197 N. W. 847.

It follows that both appeals must be dismissed. The judgments are wholly unauthorized and so should be vacated on motion. They are not reviewable by appeal.

Appeals dismissed.