# IN RE ASSESSMENT FOR PAVING MINNEHAHA STREET.[1]

March 4, 1927.

No. 25,910.

**Time for appeal from judgment for local assessments valid.**

The provision limiting the time to appeal from the judgment which the home rule charter of the city of St. Paul prescribes shall be entered in assessments for local improvements is valid.

Municipal Corporations, 28 Cyc. p. 236 n. 61 New; p. 1181 n. 77 New; p. 1183 n. 98 New.

Henry Koonst and others appealed from a judgment of the district court for Ramsey county, R. D. O'Brien, J. Appeal dismissed.

*A. A. Neumeister* and *Waters & Anderson,* for appellants.

*Arthur A. Stewart* and *Eugene M. O'Neill,* for respondent.

HOLT, J.

Motion to dismiss the appeal from the judgment entered pursuant to an order confirming an assessment for street paving. The charter of St. Paul provides with respect to such assessments that, after they are made by the commissioner of finance, the council shall pass thereon and, if ratified by the council, it shall submit the same to the district court for confirmation upon notice. Whenever any such assessment shall be approved by the court, it shall "make an order confirming such assessment and render judgment against each lot, part or parcel of land for the amount of the assessment set opposite thereto." (Charter § 247). "When such assessment shall be confirmed and judgment rendered, as hereinbefore provided, against each lot, part or parcel of land, the same shall be final and conclusive upon all persons and parcels of property, except that the same may be subject to review by the Supreme Court as in other civil actions, provided however, that an appeal be taken therefrom within twenty (20) days from and after such confirmation," etc. (Charter § 250).

[1]Reported in 212 N. W. 811.

Respondent moves to dismiss the appeal as not taken within the time allowed by the charter, and appellant counters with the contention that the charter provision is void as not in harmony with the law of the state. This is an appeal from the judgment and not from the order of confirmation which would not be appealable, for it is provided that judgment shall be entered thereon. It is a final judgment in a special proceeding and hence does not come within the time limit fixed by the statute for appeals from judgments. Conter v. St. Paul & Sioux City R. Co. 24 Minn 313. It could only come within G. S. 1923, § 9498, subd. 7, if the judgment may be regarded as a final order in a special proceeding, under the decision of Koochiching Co. v. Franson, 91 Minn. 404, 98 N. W. 98.

There should be no doubt at all that, under the constitutional and statutory power given the people of cities of the first class to frame home rule charters, a procedure as binding as if by statute may be prescribed in the charter in respect to such municipal affairs as the ordering of pavement, sewers and like improvement, and the assessment of the cost therefor upon property benefited, including calling in the aid of the courts for that purpose. In considering the contention that home rule charters must be similar to the general laws of the state, the court in Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1113, said:

"But it does not forbid the adoption of charter provisions as to any subject appropriate to the orderly conduct of municipal affairs, although they may differ in details from those of existing general laws. This is necessarily so, for otherwise effect could not be given to the constitutional amendment which fairly implies that the charter adopted by the citizens of a city may embrace all appropriate subjects of municipal legislation, and constitute an effective municipal code, of equal force as a charter granted by a direct act of the legislature."

State ex rel. Ryan v. District Court, 87 Minn. 146, 91 N. W. 300, has language to the same effect, and particularly that of the paragraph beginning near the bottom of page 154 bears upon the validity of the provision of § 250 limiting the time for appeal. There is

practical difficulty in holding the judgment herein equivalent to a final order, because in such a case either the city or the property owners would have the right of appeal until upon both sides the one had given to the other notice of the entry of the judgment. Property owners may be nonresidents and there is no provision for service of such notice by publication. It would be insufferable to have assessments thus floating indefinitely in uncertainty whether or not there is to be an appeal therefrom. On the other hand, the charter in this instance gives the right of appeal, and merely limits the time therefor different from that of the general law respecting the ordinary judgments in civil action. It is clear that municipalities have an interest in the speedy and final determination of assessment liens, and therefore limiting the time for appeals is incidental to the procedure prescribed. Of course after the appeal is perfected it is in this court governed by the general law. There is nothing in the general laws in conflict with this charter provision. On the contrary it is in harmony with such laws in that it provides for an appeal, merely fixing a shorter limit for taking it. It is claimed that this assessment comes under § 2122, G. S. 1923, but that relates to judgments for the collection of delinquent taxes. The matter here involved is merely the procedure for extending or assessing the lien against the property benefited by a local improvement. We consider the charter provision valid.

It is also claimed the judgment is not entered so as to set the time for appeal running until costs are taxed and inserted therein. The judgment to be entered herein does not contemplate costs or disbursements, and neither the order directing its entry permits nor does the judgment entered indicate that costs can be inserted therein.

The appeal is dismissed.

DIBELL and STONE, JJ. (dissenting).

In our view the provisions of the home rule charter are not effective in regulating the time for appeal from the district court to this court and so we dissent.