PROCTOR & GAMBLE DISTRIBUTING COMPANY, INC. v. VALET DRY CLEANERS & LAUNDERERS AND OTHERS.[1]

April 14, 1927.

No. 25,880.

**Order allowing account of receiver affirmed.**

On this appeal from an order allowing the account of a receiver of an insolvent corporation, it is *held*:

(1) An item credited to the receiver sustained because appellant has not shown the credit to be erroneous.

(2) An allowance of attorneys' fees will not be interfered with here because in violation of the rules of the district court, nor because the attorneys in question were employed by some of the creditors as well as by the receiver; there being no showing in the latter connection that the interests of such creditors were not identical with those of the receiver.

(3) In the order appointing the receiver it was provided that he should serve for a nominal compensation. That does not make erroneous an allowance to him of a $200 fee, there being no showing that it was excessive.

(4) The property of the insolvent having been sold by order of the court, the account of the receiver cannot be surcharged now because of an alleged higher bid which was in fact made and by the receiver reported to the court but which was rejected because of the inability of the bidder to offer cash.

Appeal and Error, 4 C. J. p. 732 n. 82, 86; p. 842 n. 58.
Receivers, 34 Cyc. p. 462 n. 69 New; p. 470 n. 19.

Appeal by Solomon Dubrow, a creditor, from an order of the district court for Hennepin county, Waite, Bardwell, Montgomery, and Guilford, JJ., allowing the account of the receiver of the defendant corporation. Affirmed.

*Joseph Cleary*, for appellant.

*Henderson, Stiles & Gates*, for respondent.

[1]Reported in 213 N. W. 550.

STONE, J.

Defendant is a Minnesota corporation and this action disclosed it to be insolvent and resulted in the appointment of Mr. A. M. Gross as receiver. The appeal is by Solomon Dubrow, a creditor, from an order allowing an account of the receiver which, incidentally, fixed certain fees of the receiver and his attorneys.

1. The first assignment of error challenges a credit to the receiver of $309.14. It refers to the transfer of certain cash which it is said was collected by the receiver on accounts which had already been purchased by one Heubsch. The appellant has not sustained the burden resting upon him of showing error in connection with this item. He does not show any evidence indicating that the credit was improper. There is, therefore, no ground upon which we can interfere.

2. The next assignment of error challenges the allowance of certain attorneys' fees. They are questioned as to amount because supposed to be in violation of certain rules of the district court of Hennepin county. There being no showing of error otherwise, this court will not reverse such an order because of its failure to comply with the rules of the court which made it.

The allowance is attacked also upon the ground that the attorneys in question have been acting for some of the creditors as well as for the receiver. The employment was dual but is not shown to have been incompatible. There is nothing in the record to indicate that the attorneys represented creditors who had unliquidated or questioned claims. "Where the counsel of one of the parties has been employed by the receiver, not adversely to either of the parties, but to advance the common interest of both, such employment does not fall within the principle of the rule prohibiting the receiver from employing the counsel of either party." High, Receivers (4th ed.) § 806. "The record does not disclose any conflict of interest between parties to this cause which would present a legal reason why a judge should refuse to permit attorneys for a party to act as attorneys for the receiver. Conceding the rule that generally such dual representation should not be allowed, * * *, there is no rule that

under no circumstances should an attorney for a party act as attorney for the receiver. In some cases an attorney for one of the parties can give the most efficient service to a receiver without any conflict of duty." J. C. Turner Lbr. Co. v. Toomer (C. C. A.) 275 F. 678. That applies here. The record disclosing nothing to the contrary, it must be assumed that the interests of the creditors represented by the counsel who also acted for the receiver were identical with those of the latter.

3. In the order appointing the receiver it was provided that he should serve for a nominal compensation. In the order appealed from he was allowed a fee of $200. That was considered "small." It is objected for the appellant that no substantial allowance could be made because in violation of the order of appointment. We cannot so hold. The matter was within the discretion of the trial court. More may have been required of the receiver or more accomplished than was anticipated. The allowance of a substantial but relatively small fee is easily explainable on such an assumption:

4. Finally, the order is questioned because it did not surcharge the receiver with the difference between the price of $6,600, actually received by the receiver for defendant's property, and $7,500 which was at one time bid for it by appellant. Mr. Dubrow did make such a bid and the matter was held open in the district court for a week in order to permit him to raise the money. He could not do so and in consequence never offered cash. The $6,600 cash offer of Heubsch was accepted and the resulting sale confirmed by order of court. All else aside, that order bars appellant's attempt to surcharge the receiver's account because another bid, reported to the court, was not accepted.

The real complaint now is that whereas the sale to Heubsch was on a cash basis, the receiver actually and without authority permitted him to pay in deferred instalments. In that situation, no loss having resulted otherwise, the utmost surcharge that could be made would be one for the interest lost by reason of the unauthorized extension of credit. That question has not been raised.

Order affirmed.