ROBERT F. DUNCAN AND OTHERS v. BARNARD COPE
MANUFACTURING COMPANY.[1]

February 21, 1929.

No. 27,331.

*Robert M. Works,* for appellant.
*Rockwood & Mitchell,* for Advance Paint Company and others, respondent creditors.

PER CURIAM.

Motion to dismiss the appeal.

The action is one to appoint a receiver for and wind up the affairs of defendant corporation. H. A. Barnard was appointed as one of the receivers and later became sole receiver. He filed his final account, and hearing was had thereon. The court made its order settling the account and directing the payment of certain expenses of the receivership and certain debts of the receiver for merchandise purchased by him in carrying on the receivership business. This absorbed the funds remaining in the receiver's hands. He attempted to appeal from the order, but the appeal was dismissed because not taken in time. He then caused a purported judgment

[1]Reported in 223 N. W. 775.

to be entered, embodying that part of the order directing these payments to be made, and this appeal is from the alleged judgment. The question presented is whether an order settling the final account of a receiver and directing distribution of the remaining funds is such an order as to authorize the entry of a judgment from which an appeal can be taken within six months after entry thereof.

The record has been returned here and has been examined. We find nothing therein to distinguish the order from that ordinarily made upon hearing and settling the account of a receiver. An action of this kind is probably no more and no less a special proceeding than an action to foreclose a mortgage or an insolvency proceeding under the old law. It has been the rule in this state that orders settling the accounts of receivers in different kinds of actions and proceedings are final and appealable. In re State Bank, 57 Minn. 361, 59 N. W. 315; Farmers Nat. Bank v. Backus, 74 Minn. 264, 77 N. W. 142; N. W. Nat. Bank v. Michelson-Shapiro Co. 134 Minn. 422, 159 N. W. 948; Northland Pine Co. v. Northern Insulating Co. 149 Minn. 499, 183 N. W. 142; Proctor & Gamble Dist. Co. Inc. v. Valet Dry C. & L. 171 Minn. 113, 213 N. W. 550; Windom Nat. Bank v. Reno, 172 Minn. 193, 214 N. W. 886. The case of Lamb-McGregor Co. v. Canton Grain Co. 158 Minn. 256, 197 N. W. 487, while stated in the reporter's heading to be an appeal from a judgment, was an appeal from the order. There is sound reason for holding final orders in receivership proceedings reviewable only on appeals from the orders. Many such final orders may be made in the course of a single proceeding; and if by entry of judgment on each order the time to appeal therefrom might be extended to six months, intolerable delay might result. Hence the entry of judgment on such orders, for the purpose of appeal, is properly held unauthorized.

The question here is ruled by Koochiching County v. Franson, 91 Minn. 404, 98 N. W. 98, and In re Dissolution of Olivia Co-op. Merc. Co. 169 Minn. 131, 210 N. W. 628.

Appeal dismissed.