# IN RE TRUSTEESHIP UNDER LAST WILL OF JULIA A. ROSENFELDT.[1]

October 16, 1931.

No. 28,723.

[1]Reported in 238 N. W. 687.

*Junell, Oakley, Driscoll & Fletcher,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

PER CURIAM.

Motion to dismiss the appeal.

■ The order appealed from is an order settling the final account of appellant, Foshay Trust & Savings Bank, as trustee under the will of Julia A. Rosenfeldt, deceased, and accepting the resignation of appellant as trustee. Respondents are beneficiaries of the trust.

The order is in the form of findings of fact and conclusions of law, and ends with the direction: "Let judgment be entered accordingly."

No lawsuit of any kind had been commenced or was pending. The provisions of decedent's will creating the trust and appointing appellant as trustee are the basis for the proceeding. The matter came into the district court by application of the trustee for confirmation of its appointment as trustee and for appointment as trustee by that court. There is no statutory provision in reference to such application. The proceeding in the district court whereby that court controls and regulates the carrying out and completion of such trusts is a special proceeding.

■ Our statutes governing uses, trusts, and powers, G. S. 1923 (2 Mason, 1927) §§ 8081 to 8167, inclusive, do not prescribe procedure except in a few special matters. Section 8100 prescribes the procedure where the trustee applies for authority to sell or mortgage or to lease real property for a term of more than five years. It provides that after notice and hearing on such application the court shall make its final order thereon. No judgment is provided for or mentioned in any of the sections cited.

All ordinary steps in such a trust proceeding, where authority or determination of the court is required, are properly determined by orders of the court.

■ The order here in question accepts the resignation of the trustee, settles its account, and directs it to pay over the funds, charged to it by the account as settled, to its successor. All of these things are properly finally settled by the order and cannot be changed or added to by entry of a judgment. The allowance of costs and the direction to enter judgment are mere incidental matters not going to the substance of the order. In all matters of substance the order is a final order. No judgment has been entered so far as appears.

■ Appeals to this court are purely statutory. An appeal is provided by G. S. 1923 (2 Mason, 1927) § 9498(7) from a final order affecting a substantial right in a special proceeding or upon a summary application in an action after judgment.

Appeals to this court from judgments are limited by § 9498(1) to appeals from judgments in actions commenced in the district court or brought there from another court. The only other case in which an appeal from a judgment is provided is in subd. 6 of the same section, where an appeal from a judgment rendered in supplementary proceedings is allowed. There are other statutory provisions in other parts of the statutes for appeals from orders and judgments, such as in drainage proceedings, election contests, tax proceedings, and other special matters, but none applicable to special proceedings such as we have here.

In McNamara v. Minnesota Cent. Ry. Co. 12 Minn. 269 (388), it is held that the then statute, the same as the present § 9498(1) authorizes an appeal from a judgment only in an action commenced in the district court or brought there from another court, and that a judgment in a special proceeding is not appealable; that the only appeal allowed in a special proceeding is an appeal from a final order affecting a substantial right, under what is now § 9498(7).

In Conter v. St. P. & S. C. R. Co. 24 Minn. 313, there was an appeal from a judgment entered in a special proceeding, a condemnation proceeding under a special act. The act did not pro-

vide for any such appeal. The court followed the McNamara case, 12 Minn. 269 (388) and held that there was no appeal from a judgment in a special proceeding; that the only appeal provided was an appeal from a final order affecting a substantial right, as provided in § 9498(7).

In County of Koochiching v. Franson, 91 Minn. 404, 98 N. W. 98, 99, a proceeding to vacate a plat, an order was made granting petition to vacate same. A formal judgment vacating the plat was thereupon entered. More than 30 days after the order and judgment were entered an appeal was taken from the judgment. This court held that the only appeal provided was that under § 9498(7) from a final order affecting a substantial right in a special proceeding. The court said [91 Minn. 405]:

"Whether the conclusions of the court vacating a plat be in the form of an order or judgment formally entered by the court, it is in the nature of a final order, for it puts an end to the proceedings, affects substantial rights, and is appealable, not as a judgment and within the time fixed for such appeals, but as a final order and within the time provided for such, namely, thirty days from notice of the order."

In Prahl v. County of Brown, 104 Minn. 227, 116 N. W. 483, there was an appeal to the district court from the award of damages to land in a drainage proceeding. The only question for trial was the amount of damages to be awarded, under the drainage law, L. 1905, p. 303, c. 230. The appellant was entitled to a jury trial, but by consent of parties the appeal was tried to the court. The statute provided that the issues raised should stand for trial and be fully tried at the next term of court. The only relief to be awarded was a recovery of money as damages. That the statute intended such an appeal to stand and be tried as an ordinary civil action is quite apparent from § 41 of the act, relating to like appeals where the ditch is established by the court. That section provides that when the appeal is perfected there shall be pending in the district court a civil action to determine the damages, and the action shall

be tried in the manner provided for the trial of civil actions. On such appeal therefore a money judgment was proper.

In In re Estate of Bridgham, 158 Minn. 467, 197 N. W. 847, findings of fact and conclusions of law and direction to enter judgment accordingly were made in an inheritance tax matter. Judgment was entered on the same day. The state appealed from the judgment, but not until some three months after the entry thereof. On motion to dismiss it was held that whether the determination is named an order or a judgment it must be treated as an order and appealed from within 30 days after written notice thereof.

In the case of In re Dissolution of Olivia Co-op. Merc. Co. 169 Minn. 131, 210 N. W. 628, orders were made allowing claims against the insolvent company and assessing its stockholders. After the expiration of the 30 days' time allowed for an appeal from a final order in a special proceeding affecting a substantial right, judgment was entered on each order and appeals were taken to this court from such judgments. This court held that both judgments were unauthorized; that the orders were final orders and appealable; and that the judgments were not reviewable on appeal. The appeals were dismissed.

In Duncan v. Barnard Cope Mfg. Co. 176 Minn. 470, 223 N. W. 775, a receivership proceeding, the court made an order settling the receiver's final account and directing the payment of certain expenses and debts of the receiver. The order was in the form of findings of fact and conclusions of law, as we gather from our files in the case, and was substantially like the order here in question. The order did not expressly direct the entry of any judgment. The receiver attempted to appeal from the order, but that appeal was dismissed because not taken within 30 days after notice of the order. He then caused judgment to be entered on the order and appealed from the judgment. On motion to dismiss the appeal from the judgment, this court held that the order was a final order in the receivership proceeding; that the entry of judgment on such orders for the purpose of appeal is unauthorized, and dismissed the appeal. This statement of the court is pertinent [176 Minn. 471]:

"There is sound reason for holding final orders in receivership proceedings reviewable only on appeals from the orders. Many such final orders may be made in the course of a single proceeding; and if by entry of judgment on each order the time to appeal therefrom might be extended to six months, intolerable delay might result."

This reasoning applies with full force to trust proceedings such as we have here. By treating the judgment as a final order, this court could perhaps restrict the time to appeal from the judgment to 30 days; but this would not avoid delays, for there is no time fixed for entry of judgment, and by motions or neglect the judgment might not be entered until even more than six months after entry and notice of the order.

■ The law intends that in such proceedings as trust matters, receiverships, and other special proceedings there shall be speedy and summary determination of matters passed upon by the court; that its orders shall be final and appealable, provided appeal is taken within 30 days after notice of the order. To hold that the court, by appending to such an order a direction that judgment be entered, could make the order nonappealable, would result in delay and require useless formalities. It would also place the party desiring to appeal in a hazardous situation where, if judgment were entered and an appeal taken therefrom, the judgment might be held unauthorized and not appealable. His right to appeal might be wholly lost.

The motion to dismiss is denied.