## LOUISE L. MALCOLMSON AND ANOTHER v. GOODHUE COUNTY NATIONAL BANK OF RED WING.[1]

No. 31,068.

December 31, 1936.

[1]Reported in 272 N. W. 157.

*S. W. Jensch* and *Grannis & Grannis,* for appellants.
*Thomas Mohn* and *Horace W. Mohn,* for respondent.

DEVANEY, CHIEF JUSTICE.

Petition by the Goodhue County National Bank of Red Wing, Minnesota, for the allowance of its final account and a discharge from its duties as trustee.

In January, 1912, Harriett E. Brooks died leaving a last will and testament which bequeathed certain personal property in trust for appellants, Louise L. Malcolmson and Esther Louise Pope. She named in the will as trustee her son Edmund Brooks and provided that in case of his death her son-in-law, Charles E. Sheldon, should succeed him. Edmund Brooks died in March, 1919, and on December 26, 1919, on petition of Charles E. Sheldon, the district court of Goodhue county entered an order appointing the Goodhue County National Bank of Red Wing to act as trustee, and said bank acted as such trustee from that date until the time of these proceedings.

Objections having been duly filed by the beneficiaries, appellants herein, the matter came on for hearing on April 17, 1935. The court made its order in the form of findings of fact and conclusions of law allowing a part of the final account and surcharging the

564

respondent bank in the sum of $5,192.52. The appeal is from only that part of the order allowing part of the final account and is based entirely upon the ground that the conclusions of law are not supported by the findings of fact.

Two questions are presented:

(1) Was the appeal taken within the time specified by law as the maximum time for appeal from proceedings such as involved herein?

(2) Did the court err in not surcharging certain contested items of respondent's final account?

■ The trial court's order was filed on October 7, 1935. Notice of this filing was served by appellants upon respondent on February 24, 1936. Appellants' notice of appeal is dated April 21, 1936, and was served upon respondent the day following, over six months after the decision was filed.

We do not agree with respondent's contention that appellants' right of appeal is cut off by the operation of 3 Mason Minn. St. 1934 Supp. § 8100-13, because not taken until more than 30 days after entry of the court's order. This statute can have no application to the appeal involved in this case. Section 8100-11 contained in the same chapter provides:

"Upon petition of any person appointed as trustee of an express trust by any will or other written instrument, or upon petition of any beneficiary of such trust, the district court of the county wherein such trustee resides or has his place of business, shall consider the application to confirm the appointment of the trustee and specify the manner in which he shall qualify. Thereafter such district court shall have jurisdiction of such trust as a proceeding in rem."

The pertinent portions of § 8100-13 read as follows:

"Any trustee whose appointment has thus been confirmed, at any time thereafter may petition the court for instructions in the administration of the trust or for a construction of the trust instrument, or upon or after the filing of any account, for the settlement and allowance thereof. Upon the filing of such petition the court

shall make an order fixing a time and place for hearing thereof, unless hearing has been waived in writing by the beneficiaries of such trust. * * * Upon such hearing the court shall make such order as it deems appropriate, which order shall be final and conclusive as to all matters thereby determined, and shall be binding in rem upon the trust estate and upon the interests of all beneficiaries, vested or contingent, except that appeal to the Supreme Court may be taken from such order within 30 days from the entry thereof, by filing notice of appeal with the clerk of district court, who shall mail a copy of such notice to each adverse party who has appeared of record."

A mere reading of the latter section allows but a single conclusion—that the appeal afforded thereby is limited to orders of the court on hearings specifically provided for therein. Moreover, in order that a trustee be entitled to petition the court for a hearing under this statute, he must by its express terms first have petitioned the court and have received confirmation of his appointment pursuant to § 8100-11. Only a "trustee whose appointment has thus been confirmed" can petition under § 8100-13.

Respondent has at no time petitioned the court for confirmation of his appointment as trustee; nor has either of the two beneficiaries made such petition. There being no confirmation upon proper petition, respondent was not within § 8100-13 in commencing these proceedings for accounting and cannot successfully maintain that the hearing involved herein was one provided for by said statute. It follows that the order of the trial court on this hearing is not covered by the provisions of this section, and respondent cannot avail itself of the 30-day limitation therein provided in support of its motion to dismiss the appeal.

The appeal in this case is authorized under the rule of In re Rosenfeldt, 184 Minn. 303, 238 N. W. 687, as one from a final order affecting a substantial right in a special proceeding. See 2 Mason Minn. St. 1927, § 9498(7). Appeal from such order must be taken "within thirty days after written notice of the same from the adverse party." 2 Mason Minn. St. 1927, § 9497. In this case the only notice of the court's decision was that served by appellants

upon respondent. Such notice is obviously not from the "adverse party" as required by § 9497 and therefore is not sufficient to start the statute running as to appellants. Actual notice does not take the place of written notice. The obligation to give notice rests on both parties, and each must be served with notice to start the statute running as to him. Levine v. Barrett & Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847. As no written notice of the trial court's order was served upon appellants, the statute never began to run against them, and the appeal cannot be dismissed upon that ground.

Neither can the appeal be denied upon the ground that it was taken more than six months after the filing of the court's decision. The court's decision was and could be only an order despite the fact that there was appended to it a direction for entry of judgment, and under no circumstances can it be considered as a judgment within the meaning of 2 Mason Minn. St. 1927, § 9497, which provides that the time for appeal is limited to six months after the entry thereof. See In re Rosenfeldt, 184 Minn. 303, 238 N. W. 687. The motion to dismiss the appeal is therefore denied.

■ The trial court found that the respondent, although it made a practice, when purchasing any investment in its individual capacity for its own account, of obtaining and preserving in its files original vouchers showing date of purchase, amount thereof, and the vendor, had utterly failed to obtain vouchers and had no records giving information respecting the purchase of trust assets. The assets so affected involved in this appeal are designated as the O'Donnell bonds and the Hancock bonds, which represent a total investment of $7,500. Appellants assign as error the trial court's failure to surcharge the trustee for this amount on the grounds of negligence in keeping records of purchases and in failing to make proper investigation with respect to these assets before investing. The court held for the trustee as to these items on the ground that although there was negligence in these respects the investments would have been made by an ordinarily prudent person had there been an investigation at the time of purchase. In our opinion, the court erred in allowing these investments in respondent's final account without proof of source and time of purchase.

The rule is well settled that a trustee cannot purchase or deal in the trust property for his own benefit or on his own behalf, either directly or indirectly. Sec 14 Minn. L. Rev. 308; St. Paul Trust Co. v. Strong, 85 Minn. 1, 88 N. W. 256; Smith v. Tolversen, 190 Minn. 410, 252 N. W. 423, 425. It is also established that the burden of proving that his actions conformed to the standard of his duty falls upon the trustee and not upon the beneficiaries. As stated in Smith v. Tolversen [190 Minn. 414]:

"Not upon the beneficiaries, but upon the trustee, is the burden of proof that his actions conformed to the standard of his duty. Not theirs, but his, is the obligation 'satisfactorily to explain.' * * * If * * * defendant's [trustee's] accounts are not clear and accurate; if they were negligently kept, leaving many transactions in the fog which must come of absence or ambiguity of records of old transactions, the consequent obscurity or doubt cannot operate to his advantage, but must be resolved against him."

A standard of duty which requires the trustee to keep original vouchers and records of investments of trust funds is not an unreasonable one. To approve a trustee's final account of investments of trust funds without requiring the trustee to produce records showing that his conduct in making such purchases conformed to the standard required of him as a trustee would be to destroy completely any and all benefits to be derived from a rule requiring the trustee to refrain from dealing to his own personal advantage in investing trust funds. What would remain of the rule if the trustee is to be permitted to make investments as he sees fit and then to have such investments approved by the court without being obliged to prove the date of the purchase or the identity of the vendor? This rule is one enacted for the benefit and protection of trust beneficiaries, who are usually but slightly, if at all, familiar with the administration of the trusts upon which they are dependent. Thus the rule obviously serves a definite social as well as legal purpose and should not be lightly regarded. Moreover, it certainly cannot be deemed an undue hardship to impose upon one who assumes to manage the property and money of another

the duty to make proper records of his dealings with the assets placed in his hands for safekeeping and administration. To hold otherwise would be to require less of one dealing with trust property than such a one would ordinarily demand of himself in dealing with his own property.

As said by the court in the case of Smith v. Robinson, 83 N. J. Eq. 384, 388, 90 A. 1063, 1065:

"In Dufford v. Smith, 46 N. J. Eq. 216, 217, Chancellor McGill said:

" 'It is the duty of trustees to keep accounts and to take and preserve vouchers for payments they make. The burthen of proving a matter of discharge in their accounts is upon them, and obscurities and doubts, which they should have guarded against, must be resolved against them.'

"Competent evidence of payment is ordinarily shown by the production of vouchers, and such or other convincing proof is usually a requisite to allowance."

To the same effect see Villa Site Co. v. Copeland, 91 N. J. Eq. 503, 111 A. 39, 13 A. L. R. 356, and note.

In this case respondent did not obtain permission or approval of the court for any of the investments made. The trustee produced no records or vouchers relating to these purchases. Apparently no effort was made to keep any such records. In sharp contrast it appears in the court's findings that the respondent bank religiously kept original records and vouchers of all purchases and investments made by it in its individual capacity and for its own account. Significant is the fact that the trial court surcharged the trustee for the entire amount of one investment also consisting of bonds and concerning the sale of which the president of the trustee bank had a personal financial interest, of which fact the officers and directors of the bank had knowledge. Significant also is the circumstance in the court's findings that the Goodhue County National Bank, respondent herein, through its officers, directors, and stockholders, organized the Goodhue County Securities Company, which engages generally in the securities business; and that

the latter company bought from the Goodhue County Savings Bank, which has the same officers, directors, and stockholders as the trustee bank, various securities, including some O'Donnell bonds.

The findings of fact fall far short of establishing that the trustee bank did not have a financial interest in its individual capacity in the sale and purchase of the O'Donnell and Hancock bonds. The burden of proof in that regard being upon the trustee, the court's decision cannot stand in the absence of such finding. The transaction involving the purchase of these bonds becomes thereby a voidable one at the election of the beneficiaries. See Smith v. Tolversen, 190 Minn. 410, 252 N. W. 423; 14 Minn. L. Rev. 308.

The beneficiaries herein have elected to reject both of these assets, and we are compelled to conclude that they have every right to do so if on another hearing the respondent cannot satisfactorily prove the absence of financial interest in these transactions.

The other assignments of error are concerned with assets in the form of three particular mortgages known as the Evertz mortgage, the Krogvold mortgage, and the Clauson mortgage. All of these assets came to the present trustee with the trust estate and were not purchased by it. Appellants sought to surcharge respondent for the entire amount of investment represented by each of these mortgages. The court found as to the first two mortgages that the respondent managed them diligently and acted in good faith at all times. As to the Clauson mortgage, the court found certain improper expenditures and surcharged the trustee for the amount represented thereby. We can see no ground upon which we can disturb the court's decision. There is no record before us. The only question presented is whether the findings of fact support the conclusions of law. As to these assets they clearly do.

Appellants also claim error in the allowance of certain costs, trustee's fees, and attorneys' fees to the respondent and its attorneys. The court has found the expenditures necessary and the fees reasonable. With no record before us, we can find no ground for disturbing the court's decision in this regard. However, with reference to the O'Donnell and Hancock bonds, no allowance for expenditures is proper unless the respondent can make satisfactory

showing that it performed its duties as trustee with respect thereto in accordance with the views hereinbefore expressed.

. We conclude that the court's order must be reversed and the matter remanded for a new trial only on the question of allowing and approving in respondent's final account the investments designated as the O'Donnell and Hancock bonds.

So ordered.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

ON MOTION TO AMEND OPINION AND ON APPEAL FROM TAXATION OF COSTS.

On February 13, 1937, the following opinions were filed:

PER CURIAM.

Motion by appellants for an amendment to the directions in the opinion and decision of this court filed in the above case on December 31, 1936.

The decision in the above entitled case proceeded on the theory that the trustee, in order to escape surcharge of the amount of the purchase price for certain assets designated as the O'Donnell and Hancock bonds, must produce vouchers or prior records to prove the source and time of the purchase thereof.

The findings of the trial court pertinent to this motion are as follows:

"XLII (e) That the Goodhue County National Bank has not any vouchers representing this expenditure in the amount of Five Thousand and no/100 Dollars ($5,000) nor has any record to indicate from whom the bonds were purchased."

"XLIII (c) That the Goodhue County National Bank has not any vouchers representing this expenditure in the amount of Two Thousand Five Hundred and no/100 ($2,500) nor has any record to indicate from whom the bonds were purchased."

From the findings quoted it is clear that the trustee bank has neither vouchers nor any other type of records to indicate from

whom the bonds in question were purchased. The findings refer to the O'Donnell bonds and the Hancock bonds, respectively. Consequently appellants are entitled to the relief asked.

It is therefore ordered that the opinion in the above matter filed December 31, 1936, be amended as follows:

By striking out the following words in the fourth paragraph from the end of the court's opinion: "if on another hearing the respondent cannot satisfactorily prove the absence of financial interest in these transactions," so that the paragraph reads only: "The beneficiaries herein have elected to reject both of these assets, and we are compelled to conclude that they have every right to do so."

By striking out the following words in the next to the last paragraph of the opinion: "unless the respondent can make satisfactory showing that it performed its duties as trustee with respect thereto in accordance with the views hereinbefore expressed."

By striking the final paragraph of the opinion and inserting in lieu thereof the following: "We conclude that the court's order must be reversed and modified by amending the conclusions of law according to the views hereinbefore expressed and by increasing the surcharge in the principal amount of $7,500, the sum represented by the O'Donnell and Hancock bonds."

So ordered.

Per Curiam.

Appeal by the respondent in the above action from the taxation of costs and disbursements against respondent made by the clerk of the supreme court.

There is no question raised by respondent as to the fact that appellants are the prevailing party within the meaning of 2 Mason Minn. St. 1927, § 9486.

Respondent, however, contends that the case falls within the meaning of 2 Mason Minn. St. 1927, § 9482, which provides that in actions prosecuted or defended by trustee costs and disbursements shall be chargeable to the trust estate unless the court directs them to be charged against the trustee personally because of mis-

management or bad faith. This statute has no application. This is not an action prosecuted or defended by the trustee within the meaning of this statute. Rather it is a special proceeding brought by the trustee asking allowance of his account and for discharge, and it is concluded by a final order. See In re Rosenfeldt, 184 Minn. 303, 238 N. W. 687. It is settled that costs may be taxed by the supreme court in favor of the prevailing party upon an appeal from the final order in such proceedings. In re Petition of Schaller, 193 Minn. 604, 615, 259 N. W. 529, 826. For these reasons we find no error in the taxation of costs and disbursements against respondent.

There is no merit to the claim of the respondent that the rate charged for printing the record was excessive. Moreover, there are no affidavits supporting the claim that the charges made were excessive. Therefore, were the charges excessive, we could not consider this objection as a basis of appeal from the taxation of costs and disbursements. Hefferen v. N. P. R. Co. 45 Minn. 471, 48 N. W. 1, 526.

Neither is there any basis for respondent's contention that unnecessary material was contained in the record. We do not consider that any matters included in the record were improper. With reference to the tabular exhibits, they were originally expressly made a part of respondent's petition to resign the trust. Therefore they became a part of the pleadings and were proper matters to be included in the record on an appeal from the court's order in such proceedings.

Clerk's taxation of costs affirmed.