CHARLES A. JOHNSON v. CITY OF MINNEAPOLIS AND OTHERS.[1]

December 20, 1940.

No. 32,376.

[1]Reported in 295 N. W. 406.

68

*Franklin Petri* and *Stinchfield, Mackall, Crounse, McNally & Moore,* for appellant.

*R. S. Wiggin,* City Attorney, and *Charles A. Sawyer,* Assistant City Attorney, for respondents.

JULIUS J. OLSON, JUSTICE.

The appeal is from an order denying appellant's motion for an order "requiring the clerk" of the district court "to enter a judgment" upon an order theretofore made, or, if that be denied, then that said order be amended by adding "the words: 'Let judgment

be entered accordingly.'" We shall refer to the parties as plaintiff and defendants.

Plaintiff, a member of the Minneapolis fire department and occupying the position of superintendent of the fire prevention bureau, was, after hearing before the civil service commission, demoted to the rank of captain. Dissatisfied, he obtained *certiorari* from the district court to review that decision, and it was so reviewed. On March 3, 1939, the court "affirmed the action" of the commission. Thus the matter rested until July 12, 1939, when the motion, denial of which is the basis of this appeal, came on for hearing. It was denied on October 23. Then came this appeal.

The only conceivable reason for this appeal is that by having a judgment entered plaintiff will gain at least a six-months respite within which to seek a review here of what has happened below. His claim is that he has a right to demand that a formal judgment be entered in the *certiorari* proceeding. He failed to heed the provisions of that part of 2 Mason Minn. St. 1927, § 9497, limiting appeals from final orders to 30 days after written notice thereof. (Under that section an appeal to this court "may be taken within six months" after entry of judgment.) So he now thinks that § 9498 will afford him the desired opportunity, since "the aggrieved party" may appeal "from a judgment in an action commenced in the district court, or brought there from another court."

As we have seen, the order in *certiorari* "affirmed" the action of the civil service commission. Nothing was said about the entry of judgment, the court evidently considering it to be, as contended by defendants, a final order in a special proceeding. In this we think the court was right for reasons now to be stated.

■ *Certiorari* as used in this state is not the common-law writ, "but rather a writ in the nature of certiorari." Hence, it has been held in numerous cases here and elsewhere that "certiorari is employed strictly as in the nature of a writ of error or an appeal." Its "legitimate office * * * is to review and correct decisions and final determinations of inferior tribunals." When a return is made to the writ "the inquiry is whether or not there has been

error, and, upon answer to this question, the court above determines whether to affirm or reverse, just as is done in cases of writs of error or of appeals. \* \* \* It is a writ of review of acts which are judicial or quasi judicial in their nature. \* \* \* Its office is not to restrain or prohibit, but to annul. It is not original process." 1 Dunnell, Minn. Dig. (2 ed. & 1937 Supp.) § 1391, and cases cited under notes 60, 61, 64, 66, and 67. In State ex rel. Nordin v. Probate Court, 200 Minn. 167, 169, 273 N. W. 636, 637, we said:

"The writ of *certiorari* under our practice is a writ of review in the nature of a writ of error or an appeal. \* \* \* the writ 'is employed strictly as in the nature of a writ of error,' and 'the office of the writ is simply to review and correct decisions and determinations already made.'"

■ Under our decisions, to a few of which we shall make reference, it seems clear that the time within which to appeal, even if judgment be entered in cases of this nature, is limited to 30 days after service of written notice of the order upon which such judgment is based.

Thus, in McNamara v. Minnesota Cent. Ry. Co. 12 Minn. 269 (Gil. 388) 278, it was held that "a judgment in a special proceeding is clearly not included in the *judgments* made appealable by this chapter." In Koochiching Co. v. Franson, 91 Minn. 404, 405, 98 N. W. 98, 99, it was held that a proceeding to vacate a town plat is a special proceeding and the order vacating it is "in the nature of a final order, for it puts an end to the proceedings, affects substantial rights, and is appealable, not as a judgment and within the time fixed for such appeals, but as a final order and within the time provided for such, namely, thirty days from notice of the order." In that case a formal judgment was entered and appeal taken therefrom, not within the 30-day period but well within the six-months period allowed for an appeal from a judgment. This court disposed of the matter in this language:

"Section 6138, G. S. 1894, allows appeals from judgments within six months from the entry thereof, but this section must, to be consistent with the cases above cited, be held to refer to judgments in civil actions, and not judgments in special proceedings like those here under consideration."

(The cases to which the court referred were McNamara v. Minnesota Cent. Ry. Co. 12 Minn. 269 [388], and Conter v. St. P. & S. C. R. Co. 24 Minn. 313.) So, also, in In re Estate of Bridgham, 158 Minn. 467, 197 N. W. 847, a case involving the adjudication of inheritance taxes, where the court had made findings and order for judgment, pursuant to which judgment was entered September 11, 1923, and appeal from the judgment was not taken until January 9, 1924, well within the six-months period but much beyond the 30 days limited by statute for appeals from orders. On a motion to dismiss, it was held to be unimportant whether the determination was named an order or a judgment since the statute (G. S. 1913, § 2281) required that appeals be taken within the time "provided by law for the taking of appeals from orders in civil actions." There, as here, it was contended that an appeal could be taken from the judgment as in other civil actions. This court held otherwise and limited the time for appeal to 30 days after notice. Helpful, also, on this phase are In re Dissolution of Olivia Co-Op. Merc. Co. 169 Minn. 131, 210 N. W. 628, and In re Trusteeship Under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687.

Enough has been said, we think, to show that if this is a "special proceeding" within the meaning of the statute plaintiff's cause cannot be resurrected even if he had secured a judgment upon the order.

■ Plaintiff stoutly maintains that *certiorari* is an "action" because the proceeding "was commenced by the issuance" of the writ "by the district court." In this he is clearly in error. Rather, as we have seen, it is in its very nature and purpose an appeal—a review—to correct error.

We are persuaded that *certiorari* is not an "action" within the meaning of 2 Mason Minn. St. 1927, § 9498(1), since the "action"

was not "commenced" in that court, or "brought there from another court." The cause had its origin before the civil service commission. Obviously, it was and is strictly a "special proceeding," and as such must be reviewed under § 9498(7), relating to appeals from final orders.

Bearing in mind that the statute makes no provision for the entry of judgment (although it does in *mandamus*), and that the writ is frequently used for the purpose of reviewing orders of boards and commissions having quasi judicial functions, it is important that finality be achieved without needless delay. In this case plaintiff was demoted nearly three years ago. He has had plenty of time and opportunity to have his cause reviewed here had he proceeded with reasonable promptness. We think what was said in the Rosenfeldt case (184 Minn. 308, 238 N. W. 690) is also applicable here:

"The law intends that in such proceedings as trust matters, receiverships, *and other special proceedings* there shall be speedy and summary determination of matters passed upon by the court; that its orders shall be final and appealable, provided appeal is taken within 30 days after notice of the order." (Italics supplied.)

Order affirmed.

