BETTY L. MERZ, SPECIAL ADMINISTRATRIX
OF ESTATE OF RALPH L. BLOOM,
v. MAXWELL L. OFTEDAL AND ANOTHER.

144 N. W. (2d) 58.

July 8, 1966—No. 40,165.

Lester L. Sokol, for appellant.

Van Valkenburg, Moss, McEachron & Flaherty, Patrick F. Flaherty, and Horace Van Valkenburg, for respondents.

OTIS, JUSTICE.

This matter is before the court on a motion to dismiss the plaintiff's appeal. The issue is whether the orders here for review are appealable under either or both of the following provisions of Minn. St. 605.09:

"An appeal may be taken to the supreme court:

\* \* \* \* \*

"(d) From an order involving the merits of the action or some part thereof;

\* \* \* \* \*

"(h) Except as otherwise provided by statute, from the final order or

judgment affecting a substantial right made in a special proceeding, provided that the appeal must be taken within the time limited for appeal from an order."

These proceedings were initiated by the representative of the estate of Ralph L. Bloom, the deceased partner of defendant Maxwell L. Oftedal. Plaintiff prays for judgment in the amount of $25,000, an accounting of the partnership affairs, an award for use of partnership funds and assets, and a lien for the amounts in the possession of defendants found to be the property of the deceased partner. The action was tried without a jury and resulted in findings of fact, conclusions of law, and order for judgment in favor of plaintiff, entered May 18, 1965. Both parties moved to amend the findings, which were modified in an order entered November 1, 1965. On November 12, 1965, plaintiff served on defendants a notice of appeal couched in the following language:

"* * * from those Orders of the said District Court entered herein, on the May 18, 1965 and November 1, 1965, * * * said Orders being for judgment in the above entitled matter."

The plaintiff served on defendants a second notice dated November 23, 1965, appealing from the following:

"* * * Findings of Fact, Conclusions of Law and Order for Judgment of the said District Court entered herein, on the May 18, 1965 and November 1, 1965 * * * said Orders being for judgment, denial of Plaintiff's Amended Findings and Amended Conclusions of Law and particularly as relating to the Finding of $7.00 an hour as reasonable value for Defendants services and denial of interest."

Although the defendants cross-appealed and by separate notice sought review of the trial court's decision, their appeal has no bearing on the issues now before us. In addition, defendants secured the entry of judgment on December 30, 1965, from which no appeal has been perfected by the plaintiff.

In March 1962, following the death of his partner Ralph Bloom in April 1961, defendant Oftedal petitioned the district court for an order appointing himself receiver to supervise the liquidation of the partnership and to render an accounting. In addition, he moved for an order appoint-

ing himself temporary receiver to take control of the partnership business and to continue its operation pending a further hearing. The record is silent as to the status of these receivership proceedings. They are not involved in this appeal. Nevertheless, it is plaintiff's contention that the commencement of the receivership action by defendant Oftedal brings plaintiff within the classification of cases which permit appeals from orders settling trustees' and receivers' accounts. In particular, plaintiff relies on Duncan v. Barnard Cope Mfg. Co. 176 Minn. 470, 223 N. W. 775; In re Trusteeship under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687; and Malcolmson v. Goodhue County Nat. Bank, 198 Minn. 562, 272 N. W. 157, for the proposition that her appeal is from an order involving the merits of the action or from a final order affecting a substantial right made in a special proceeding under § 605.09(d) and (h).

We do not agree that the orders here for review are appealable. In Duncan v. Barnard Cope Mfg. Co. 176 Minn. 470, 223 N. W. 775, the appeal was from a judgment and was taken after the expiration of the time to appeal from an order settling the account of a corporate receiver. We held that orders settling the accounts of receivers are final and appealable and that the subsequent entry of judgment was unauthorized and did not extend the time to appeal beyond the 30-day period prescribed by statute. The case of In re Trusteeship under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687, reviewed an order settling the final account of a trustee, drafted in the form of findings, conclusions, and order for judgment. The matter was presented to the trial court on an application to confirm the appointment of the trustee. No lawsuit had been commenced. We found that the direction to enter judgment was ineffective and that the appeal was properly taken from the order under a statute similar to § 605.09(h), holding (184 Minn. 308, 238 N. W. 690):

"The law intends that in such proceedings as trust matters, receiverships, and other special proceedings there shall be speedy and summary determination of matters passed upon by the court; that its orders shall be final and appealable, provided appeal is taken within 30 days after notice of the order. To hold that the court, by appending to such an order

a direction that judgment be entered, could make the order nonappealable, would result in delay and require useless formalities."

Again, Malcolmson v. Goodhue County Nat. Bank, 198 Minn. 562, 272 N. W. 157, reviewed an order discharging a trustee and allowing its final account under circumstances where the order also provided for the entry of judgment. We held the appeal was proper as one from a final order affecting a substantial right in a special proceeding.

As we view the matter, this is an ordinary common-law action for a partnership accounting in which plaintiff also seeks a money judgment. The fact that defendant Oftedal at one time petitioned the court for the appointment of a receiver in a wholly separate proceeding does not, in our opinion, alter the character of the action or bring it within the rule of the cases cited by plaintiff.

We have attempted to define broadly the meaning of a "special proceeding"[1] in Chapman v. Dorsey, 230 Minn. 279, 283, 41 N. W. (2d) 438, 440, 16 A. L. R. (2d) 1015, where we said:

"* * * The statutory phrase 'a special proceeding' is a generic term for any civil remedy in a court of justice which is not of itself an ordinary action and which, if incidental to an ordinary action, independently of the progress and course of procedure in such action, terminates in an order which, *to be appealable pursuant to § 605.09(7)* [now § 605.09(h)], must adjudicate a substantial right with decisive finality separate and apart from any final judgment entered or to be entered in such action upon the merits. * * * A special proceeding usually means such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief."

We are not persuaded that by analogy to matters involving corporate receiverships and trust accounts, an action for a partnership accounting should be treated as a special proceeding under the statute. Were we to

---

[1] For a discussion of what has been held to be a special proceeding, see Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 351. See, also, Gabel v. Ferodowill, 254 Minn. 324, 337, 95 N. W. (2d) 101, 110; City of Chaska v. Chaska Township, 271 Minn. 139, 142, 135 N. W. (2d) 195, 197.

apply to this case the rules governing such proceedings, we might well trap unwary litigants into forfeiting their right of review by limiting to 30 days the 90-day appeal period on which they have heretofore had a right to rely.

Plaintiff calls attention to Webster v. Schwartz, 262 Minn. 63, 114 N. W. (2d) 280, where we entertained jurisdiction in an appeal from an order denying an alternative motion for amended findings or a new trial. Plaintiff asserts that by implication we found the order denying the motion for amended findings appealable. However, she overlooks the fact that the motion also included a request for a new trial and that because of the insufficiency of the record we did not review the merits. Nevertheless, plaintiff insists that the right to appeal from an order denying amended findings is one which cannot be abrogated by the legislature. In effect, she urges us to hold § 605.09 unconstitutional. This we decline to do, if for no other reason than the fact she has failed to give notice to the attorney general as required by Rule 24.04, Rules of Civil Procedure. In any event we are not disposed to overrule a long line of authorities holding nonappealable findings of fact and conclusions of law,[2] orders for judgment,[3] and orders denying motions for amended findings.[4] Since the orders cannot be reviewed under § 605.09, the appeal must be dismissed.

Appeal dismissed.

[2] Johnson v. N. P. F. F. & B. H. Ry. Co. 39 Minn. 30, 38 N. W. 804; Wilson v. Tauer, 147 Minn. 466, 180 N. W. 93; In re Guardianship of Hudson, 220 Minn. 493, 20 N. W. (2d) 330.

[3] Prahl v. County of Brown, 104 Minn. 227, 116 N. W. 483; Holliston v. Ernston, 120 Minn. 507, 139 N. W. 805.

[4] Julius v. Lenz, 212 Minn. 201, 203, 3 N. W. (2d) 10, 11; Raymond v. McKenzie, 220 Minn. 234, 239, 19 N. W. (2d) 423, 425; Anderson v. Tuomi, 230 Minn. 490, 505, 42 N. W. (2d) 204, 212, 17 A. L. R. (2d) 744; Physicians & Hospitals Supply Co. v. Johnson, 231 Minn. 548, 549, 44 N. W. (2d) 224, 225; Urbanski v. Merchants Motor Freight, Inc. 239 Minn. 63, 64, 57 N. W. (2d) 686, 687; Tompkins v. Sandeen, 243 Minn. 256, 258, 67 N. W. (2d) 405, 407, 49 A. L. R. (2d) 1162; Donarski v. Lardy, 251 Minn. 358, 361, 88 N. W. (2d) 7, 10; Kastner v. Dalton Development, Inc. 265 Minn. 511, 512, 122 N. W. (2d) 183, 185.